**PARRISH et al., Appellants,**

v.

**PARRISH, Appellee.**

[Cite as *Parrish v. Parrish,* 146 Ohio App.3d 640, 2000-Ohio-2693.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 98CA2470.

Decided Sept. 18, 2000.

Katherine Hine, for appellant.

Royce Parrish, pro se.[1]

Robert R. Jones, for amici curiae.[2]

---

Evans, Judge.

{¶ 1}  Appellant, Mary R. Parrish, and appellee, Royce L. Parrish, were married on March 16, 1996.  Two children were born to them:  Brooke Anne Parrish, on July 14, 1996, and Troy James Parrish, on October 18, 1998.  On October 30, 1998, appellant filed for divorce from appellee.

{¶ 2}  With the filing of the divorce, appellant requested the issuance of a Civ.R. 75(I) restraining order to protect the property of the marital estate.  The

---

1.  Trial counsel for the appellee was permitted to withdraw from the appeal after the issuance of a consent decree in the underlying divorce;  the appellee did not enter any further appearance in this matter.

2.  Amici Curiae:  Ross County Network for Children, Alliance for the Rights of Children, The National Alliance for Family Court Justice, The National Committee for the Rights of the Child, One Voice, and Protective Parents Research Network.

trial court issued this order the same day. As a second count in her complaint for divorce, the appellant also requested the court to issue a civil protection order, alleging domestic violence. In response to the request and accompanying affidavits, the court issued an ex parte civil protection order on October 30, 1998, and set the matter for hearing on November 5, 1998, in accordance with R.C. 3113.31.

{¶ 3} Appellee, through counsel, requested a continuance of that hearing, which the court granted, rescheduling the hearing for November 24, 1998. On November 18, 1998, a magistrate issued revised Civ.R. 75 orders designating appellant as the residential parent, ordering support, and continuing the terms of the October 30, 1998 ex parte order that did not provide appellee any visitation with his children.

{¶ 4} At hearing on the domestic violence complaint, held on November 24, 1998, both appellant and appellee appeared with counsel. Appellant presented five witnesses in addition to her testimony. On November 25, 1998, the court dismissed appellant's complaint for domestic violence. Appellant filed her notice of appeal on December 22, 1998.

{¶ 5} On January 11, 1999, appellant moved this court to stay the trial court's dismissal of her petition for a civil protection order. Specifically, she requested reinstatement of the October 30, 1998 ex parte order. Appellee, noting the concurrent divorce proceedings, referred us to R.C. 3113.31(E)(3)(b). We denied appellant's motion for a stay on March 19, 1999. We found no authority that supported appellant's request for reinstatement of an ex parte order from a dismissed proceeding.

{¶ 6} On April 29, 1999, appellee's trial counsel sought leave to withdraw from the appeal. On May 26, 1999, appellee's counsel informed this court that the trial court had approved the submitted consent entry of the parties on May 18, 1999, and had granted a final decree of divorce to the parties on that date. Neither party appealed from the judgment entry granting the divorce. On June 2, 1999, this court granted trial counsel's motion to withdraw and instructed the appellee to notify this court if he intended to proceed either pro se or through counsel. Appellee did not file a brief, or any other pleadings, in this appeal.

{¶ 7} Appellant raises three assignments of error:

{¶ 8} "I. By sustaining appellee's oral motion to dismiss, despite uncontroverted proof of appellee father's [sic] beatings of his older child and other violent acts, the trial court erroneously forced appellant to wait for appellee to injure each of the children in succession before obtaining the protections of O.R.C. Sec. 3113.31.

{¶ 9} "II. The trial court erred and abused its discretion in sustaining appellee's motion to dismiss because it refused to consider the totality of circumstances of appellee's violence.

{¶ 10} "III.. The trial court erroneously

{¶ 11} "(1) Imposed upon appellant, a clear and convincing standard of proof,

{¶ 12} (2) "Required her to prove subjective fear rather than immediate and present danger, and

{¶ 13} "(3) Erroneously assumed children can be unaffected by domestic violence in their home."

I

{¶ 14} In her first assignment of error, appellant argues that the court should have considered her evidence of appellee's beatings of appellee's older child in support of the petition for a CPO to protect her own children. Appellant, therefore, argues that evidence of abuse to another child by appellee is sufficient to support the grant of a CPO to protect her children. The amici brief discusses in detail the effects of violence in the home on the children. However, the appellant must first establish the existence of this domestic violence.

{¶ 15} Appellant's father testified that he had observed bruises on the buttocks and back of the legs of appellee's older child "B.J.," in the spring of 1997. The court rejected attempts by the appellant to introduce the testimony of her mother that would have supposedly indicated appellee's predilection for corporal punishment. Appellant argues that the trial court erred in failing to consider what she describes as "a pattern of abuse" toward appellee's older child in ruling on her motion for a CPO.

{¶ 16} In *State v. Wilhelm* (Aug. 5, 1996), Ross App. No. 95CA2123, 1996 WL 447957, this court held that a "family or household member" includes a child of another person related by affinity to the offender. See, also, *Coma v. Kellogg* (Mar. 3, 1999), Columbiana App. No. 96–CO–90, 1999 WL 135294. However, the second count of appellant's complaint does not allege that domestic violence occurred against the child "B.J.," or even that she stood in a parental relationship to "B.J." at the time that alleged abuse occurred. Indeed, it appears that "B.J." lives with his mother in Circleville, Ohio.

{¶ 17} It is apparently appellant's position that the statute requires the issuance of a CPO to protect the other children of a family where evidence indicates abuse to one child of that family. The trial court, noting the issuance of a temporary custody order under Civ.R. 75, found proffered testimony of appellee's treatment of his older child not relevant to the instant proceeding.

Appellant argues that although she is not seeking the allocation of parental rights in the domestic violence proceeding, she is still entitled to the award of a CPO based on this testimony.

{¶ 18} We disagree. R.C. 3113.31(A)(1)(a) defines domestic violence as attempting to cause, or recklessly causing, bodily injury to a family or household member. The "statutory criterion to determine whether or not to grant a civil protection order pursuant to R.C. 3113.31 is the existence or threatened existence of domestic violence." *Thomas v. Thomas* (1988), 44 Ohio App.3d 6, 8, 540 N.E.2d 745. Appellant alleged that appellee committed domestic violence against her children and herself, not "B.J." Therefore, the appellant must support her claims with evidence of either injuries or attempts to injure either her children or herself, in order to meet the requirements of this portion of the statute, which she has clearly failed to do.

{¶ 19} Accordingly, we overrule appellant's first assignment of error.

## II

{¶ 20} In her second assignment of error, appellant argues that the "totality of circumstances" of appellee's violence should support a finding of domestic violence. In support of this argument, she offers evidence of an incident in January 1997, witnessed by her mother and father, when appellee apparently pushed in the door to their home, then kicked out the back window of the family car. We would note that the witnesses also reported that appellant tossed a CB radio at the appellee in the course of that dispute.

{¶ 21} Appellant testified that in September 1997, appellee threw a coffee table at the wall of their mobile home. Another witness testified that in the fall of 1997, at the Chillicothe Elks Lodge, appellee began slamming objects around on the table, then walked out. That witness testified that appellee behaved in a similar manner in the summer of 1998, when she was at the appellant's home, but the witness could not testify that appellee made any threats to appellant. Finally, appellant's mother testified that appellee would call up and "scream and holler" into the telephone answering machine at various times in the fall of 1998. The tape of those calls was lost.

{¶ 22} R.C. 3113.31(A)(1)(b) allows a finding of domestic violence where the actor places another in fear of imminent serious physical harm by threat of force. Appellant would have us find that the "totality" of appellee's actions is sufficient to satisfy the requirements of the statute, citing unrelated cases dealing with, inter alia, conspiracy, fraud, and bankruptcy.

{¶ 23} Finally, appellant cites *State v. Bolds* (Jan. 19, 1993), Stark App. No. CA–9058, 1993 WL 35578, to support the proposition that domestic violence may

be established by evidence of a pattern of events that places another person in fear of imminent physical harm. In *Bolds,* a criminal prosecution under R.C. 2919.25(C), evidence of prior violent acts directed against the victim was admissible to prove the victim's belief that the defendant would harm her when he stood on a porch yelling threats. The language of R.C. 2919.25(C) is very similar to that of R.C. 3113.31(A)(1)(b).

{¶ 24} The appellant, in order to support her request for a CPO under this section of the statute, must establish that she believed that the appellee would cause physical harm to her or her children. Her witnesses did not provide such evidence to support this portion of her case.

{¶ 25} Appellant's second prong of her "totality of circumstances" argument is the alleged abuse of appellee's older child. Appellant cites *In re Schuerman* (1991), 74 Ohio App.3d 528, 533, 599 N.E.2d 728. In *Schuerman,* the Department of Human Services brought neglect and dependency charges against the mother of two children, based on bruises observed by the divorced father on one of the children. The mother appealed from a finding that the other child was a dependent child because that child exhibited no such marks or bruises. The appellate court upheld the ruling of the trial court based on the wording of the dependency statute. A court may find a child dependent if the child "is residing in a household in which a parent, guardian, custodian, or other member of the household has abused or neglected a sibling of the child." R.C. 2151.04(D)(1).[3]

{¶ 26} Appellant also cites *Tischler v. Vahcic* (Nov. 16, 1995), Cuyahoga App. No. 68053, 1995 WL 680928, in support of her argument. She argues that the commission of acts that would constitute abuse or neglect against one child would support the issuance of a CPO. In *Tischler,* the unmarried father sought a CPO after he discovered injuries to his daughter. The Cuyahoga County Court of Common Pleas granted the father's request based on R.C. 3113.31(A)(1)(c), that is, the commission of any act with respect to a child that would constitute abuse under R.C. 2151.031.

{¶ 27} The *Tischler* court upheld the grant of a CPO, based not only on the injury to the child, but also on the evidence submitted regarding the unsanitary and unsafe conditions of the mother's home. The court reversed a portion of the CPO that allocated parental rights because of a prior order in the Juvenile Court of Cuyahoga County allocating those parental rights.

{¶ 28} The decision whether to grant a civil protection order lies within the sound discretion of the trial court. See *Deacon v. Landers* (1990), 68

---

**3.** The language of the statute is as it existed at the time of the decision in *Schuerman.* The statute now reads "any other child who resides in the household."

Ohio App.3d 26, 31, 587 N.E.2d 395. Accordingly, we should not reverse the decision of the trial court absent an abuse of that discretion. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 29} The weight given the evidence and the credibility of the witnesses are matters primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. We must presume that the findings of the trial court are correct, because the trial court can view the witnesses and weigh the credibility of the proffered testimony. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 461 N.E.2d 1273. Indeed, it is the job of the trial court to resolve disputes of fact and weigh the credibility of the testimony and evidence. *Bechtol v. Bechtol* (1990), 49 Ohio St.3d 21, 23, 550 N.E.2d 178. We are mindful, therefore, of our responsibility to give deference to these factual findings of the trial court. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

{¶ 30} Appellant's evidence of abuse of "B.J.," appellee's child, consisted entirely of the testimony of appellant's mother and father concerning an incident that allegedly occurred more than a year before trial. Appellant's evidence of the appellee's predilection towards violence never established that appellee directed his anger toward her or her children. We conclude, therefore, that the trial court did not abuse its discretion in its weighing of the evidence, and overrule appellant's second assignment of error.

### III

{¶ 31} Appellant raises three issues in her Third Assignment of Error. First, she claims error because she believes the trial court required her to establish her case by "clear and convincing evidence" rather than the "preponderance of the evidence" standard articulated in *Felton v. Felton* (1997), 79 Ohio St.3d 34, 679 N.E.2d 672.

{¶ 32} The trial court clearly states, in its decision denying the appellant's petition, that she failed to establish by a preponderance of the evidence that appellee committed any act of domestic violence as to appellant or her minor children. We find nothing to support appellant's contention that the trial court applied the wrong standard of proof in denying her claim.

{¶ 33} Appellant's second issue is that the court required her to prove a subjective fear of the appellee, rather than establish the "immediate and present danger of domestic violence to the family or household member," set forth at R.C. 3113.31(D). That portion of the statute further defines "immediate and present

danger" to include situations in which the respondent has threatened the family or household member with bodily harm.

{¶ 34}  On the contrary, the record supports the conclusion that appellant's evidence failed to establish this immediate threat of physical harm.  Such proof is required not only by R.C. 3113.31(D) for the issuance of an ex parte CPO, but also by R.C. 3113.31(A)(1)(b), to support the grant of a CPO after hearing.  The evidence presented by the appellant consisted of events mostly remote in time to the petition for domestic violence and did not support any finding that the appellee threatened appellant or her children.

{¶ 35}  Appellant's final issue is that the trial court "erroneously assumed that children can be unaffected by domestic violence in their home."  The trial court must follow the requirements of the statute in determining the existence of domestic violence.  Appellant was unsuccessful in meeting her burden to establish that the conduct of the appellee constituted "domestic violence" as defined by R.C. 3113.31(A)(1)(a), (b), or (c).

{¶ 36}  While appellee's conduct may well have been relevant in any trial of contested custody issues in the companion divorce case, the parties apparently resolved those issues and that matter is not before us.  We find neither abuse of discretion by the court in its application of R.C. 3113.31 to the facts presented by the appellant nor in the trial court's application of the standard of proof to appellant's presentation of the evidence.

{¶ 37}  Accordingly, we overrule appellant's third assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

KLINE, P.J., and HARSHA, J., concur.