OPINION
{¶ 1} Respondent-appellant, Robert Jarvis appeals from a Jefferson County Common Pleas Court decision issuing a two-year civil protection order against him to stay away from petitioner-appellee, Christi Jarvis.
 {¶ 2} Appellant and appellee are husband and wife. Appellant filed for divorce on December 31, 2002 and obtained temporary custody of the parties' minor daughter, Cassidy, in an ex parte hearing order through a motion and affidavit. After obtaining temporary custody of their daughter, appellant persuaded appellee to return home and dismissed the divorce action.
 {¶ 3} Appellee filed a petition for a domestic violence civil protection order on July 11, 2003. The court ordered a temporary protection order the same day at an ex parte hearing and scheduled the case for a full hearing. The case proceeded to a hearing on July 14, 2003, and the court issued its decision four days later. The court found that appellant had "used threats, intimidation, some force and the child as tools to control" appellee. The court put a two-year civil protection order in place. It also granted appellant reasonable rights of visitation, with all visitation exchanges to occur at a visitation center. Appellant filed a timely notice of appeal on August 12, 2003.
 {¶ 4} At the outset, it should be noted that appellee has failed to file a brief in this matter. Therefore, we may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably sustains such action. App.R. 18(C).
 {¶ 5} Appellant raises three assignments of error. His first and third assignments of error are very similar. Thus, they will be addressed together. They state:
 {¶ 6} "The trial court erred in granting the petitioner/appellee's petition for domestic violence when no credible evidence was presented that domestic violence had in fact occurred."
 {¶ 7} "The court erred to [SIC.] the matter of law by finding the respondent/appellant placed petitioner/appellee in fear of imminent serious physical harm."
 {¶ 8} Appellant argues that the evidence produced at the hearing did not show that he ever attempted to cause bodily harm to any member of his household. He claims appellee's allegations were vague and concerned matters that had occurred prior to the filing for divorce, which was later dismissed. Appellant asserts that appellee presented no testimony that she was in fear of serious physical harm. He contends appellee's testimony concerned reasons why the parties were incompatible, not reasons why she was afraid of him. Additionally, he asserts that appellee's motive for asking for a protection order was to obtain custody of Cassidy without having to incur the expense of hiring a lawyer.
 {¶ 9} R.C. 3113.31 governs civil protection orders in domestic violence cases. In order to grant a civil protection order, the trial court must find that the petitioner has shown by a preponderance of the evidence that the petitioner or the petitioner's family or household members are in danger of domestic violence. Felton v. Felton (1997), 79 Ohio St.3d 34, paragraph two of the syllabus, citing R.C. 3113.31(D). "Domestic violence" is the occurrence of one or more of the following acts against a family or household member:
 {¶ 10} "(a) Attempting to cause or recklessly causing bodily injury;
 {¶ 11} "(b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 or 2911.211 of the Revised Code;
 {¶ 12} "(c) Committing any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 of the Revised Code." R.C. 3113.31(A)(1).
 {¶ 13} An appellate court will not reverse a trial court's decision to issue a protection order absent an abuse of discretion. Parrish v. Parrish (2000), 146 Ohio App.3d 640,646. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. If there is some competent, credible evidence supporting the trial court's judgment, the trial court will not have abused its discretion. Bechtol v. Bechtol (1990),49 Ohio St.3d 21, syllabus.
 {¶ 14} The trial court found that appellant has used "threats, intimidation, some force and the child as tools to control" appellee.
 {¶ 15} Appellant's and appellee's testimony at the hearing contradicted each other. Appellee made numerous allegations against appellant, which he denied. Appellee accused appellant of trying to run her off the road with his truck, blocking her in the driveway so she could not leave, and throwing a phone at her and the children as they tried to run away. (Tr. 5). She testified that her children sleep with their clothes on in case they have to run out of the house in the middle of the night. (Tr. 10). Appellee further testified that appellant threatened to kill her just days before the hearing. (Tr. 13). She stated that he has shoved her on the bed, tripped her, shoved her into a dresser, and blocked her from getting to her daughter. (Tr. 13). Additionally, appellee testified that appellant has "grabbed, pushed, shoved, kicked, [and] threatened" her. (Tr. 15). She further testified that he gets guns out and cocks them in front of her to threaten her. (Tr. 15).
 {¶ 16} On the contrary, appellant testified that these incidents described by appellee were all lies. (Tr. 50, 53, 55-59, 68-69). He testified that appellee drinks too much and gets violent. (Tr. 49-50). He stated that he has never initiated any physical violence against her. (Tr. 50). He alleges that the only reason appellee asked for a protection order was because she did not have the funds to hire an attorney for a divorce.
 {¶ 17} While it may be questionable whether appellee's testimony alone supports the issuance of a protection order, her testimony coupled with Cassidy's and Katie's testimony constitute competent, credible evidence on which the court could issue the protection order. The court conducted an in-chamber interview of five-year-old Cassidy and twelve-year-old Katie about the situation in their home. Cassidy is the parties' daughter. Katie is appellee's daughter from a previous marriage. Their testimony corroborated appellee's testimony.
 {¶ 18} After considering the children's testimony, together with appellee's testimony, the court had competent, credible evidence on which to base its decision. Their testimony demonstrated that they and/or appellee are in danger of domestic violence. Thus, the trial court did not abuse its discretion. Accordingly, appellant's first and third assignments of error are without merit.
 {¶ 19} Appellant's second assignment of error states:
 {¶ 20} "The court did not use the correct burden of proof finding domestic violence had occurred."
 {¶ 21} Appellant asserts that it is unclear what burden of proof the trial court used in reaching its decision to issue the protection order. And he argues that the findings the court made were from outside the record in this case.
 {¶ 22} The trial court was required to find that the petitioner has shown by a preponderance of the evidence that the petitioner or her family or household members were in danger of domestic violence. Felton, 79 Ohio St.3d at paragraph two of the syllabus, citing R.C. 3113.31(D). While the court does not state in its judgment entry what burden of proof it used, as discussed above, the evidence satisfies the preponderance of the evidence burden. Thus, the court applied the proper standard.
 {¶ 23} Appellant is correct in his assertion that the trial court referred to matters outside the record in its judgment entry. The court stated that it secured three police reports on its own, one of which was a complaint by appellant about appellee. The report involved appellant locking appellee out of the house. Appellee broke a window to get in. Appellant called the police to report appellee for breaking the window. The court noted that this was consistent with appellee's testimony about appellant locking her out of the house. The court sought these police reports because appellant claimed that appellee is violent and that he had to call the police on her on numerous occasions and his counsel stated that she could produce those police reports for the court. (Tr. 49-50, 80-81).
 {¶ 24} The court also looked at the divorce action appellant filed against appellee and then dismissed. The court noted that appellant gained temporary custody of Cassidy in an ex parte order through a motion and affidavit. It also noted that the affidavit in the divorce case set out several instances raised in this case, but also many more instances and allegations, which caused the court to question their sincerity.
 {¶ 25} A trial court may not take judicial notice of a prior proceeding in another case, even if the other case was between the same parties and in the same court as the current case. SeeIn re Spears (Mar. 10, 1997), 4th Dist. No. 96 CA 1768; D BImmobilization Corp. v. Dues (1997), 122 Ohio App.3d 50, 53; Inre Knotts (1996), 109 Ohio App.3d 267, 270-271. The reason for this is, if a trial court takes notice of a prior proceeding, the appellate court cannot review the trial court's finding because the record of the prior case is not before the court of appeals.D B Immobilization Corp., 122 Ohio App.3d at 53. In the present case, while the trial court did not state that it took judicial notice of the record in the divorce case, that is what it did. The court did not have the authority to look outside the record at the prior divorce case between the parties and the police reports. Neither party introduced these documents as evidence. But the court took it upon itself to examine these records. Although trying to be thorough, the court clearly exceeded its authority. Since we, as an appellate court cannot consider matters outside the record, we have no way to review whether the trial court accurately assessed the record in the divorce case and the police reports. In addition, this is contrary to the rules of evidence. Thus, the court erred in considering matters outside of the record.
 {¶ 26} While error occurred, this error was harmless. As analyzed above, sufficient competent, credible evidence existson the record from which the court could conclude that a protection order was necessary. Hence, appellant's second assignment of error is without merit.
 {¶ 27} For the reasons stated above, the trial court's decision is hereby affirmed.
Judgment affirmed.
Waite, P.J., and DeGenaro, J., concur.