DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Carol Wilburn appeals from the Lorain County Court of Common Pleas, which denied her ex parte petition for a civil protection order and also denied her a full hearing on the petition. This Court affirms.
 I. {¶ 2} Appellant and Appellee, Mr. Lee Wilburn, were divorced on March 24, 1998, but a contentious seven-year custody dispute ensued, regarding their now 15-year old daughter. On July 29, 2005, the domestic relations court awarded legal custody of the girl to her father with parenting time to the mother, who subsequently appealed. See Wilburn v. Wilburn, Lorain C.P. No. 97DU052936, 9th Dist. No. 05CA008798. However, that is not the subject of the present appeal.
 {¶ 3} The present appeal stems from an allegation by Appellant, the mother, on behalf of the daughter, that the father had physically assaulted the girl during a court-ordered visitation. The incident occurred on March 23, 2005, outside of a department store where the father and daughter had gone during this visitation. Appellant arrived separately, apparently at the daughter's request, to end the visitation early and take the girl home. A verbal altercation between the father and daughter escalated into a physical altercation. The girl wanted to leave with Appellant, while her father wanted the visitation to continue. Eventually, at the father's request, store employees summoned the police. The police spoke with the parties and ultimately instructed the daughter that she was to continue her visitation with her father. She did so, apparently without further incident.
 {¶ 4} The next day, Appellant filed criminal charges against the father on behalf of her daughter. The police arrested Appellee and charged him with domestic violence. The municipal court issued a temporary protection order to prohibit him from having any contact with his daughter. State v. Wilburn, Lorain M.C. No. CRB 0501141. That temporary protection order expired on May 16, 2005. Upon expiration, the prosecutor also dismissed the charges. The municipal court dismissed the case on the special condition that Appellee acknowledged probable cause for the arrest. In response to the dismissal, Appellant appeared in the Lorain County Court of Common Pleas, Domestic Relations Division, before the same judge who was presiding over the custody dispute, and petitioned for a civil protection order pursuant to R.C.3113.31, to prevent Appellee from contacting his daughter.
 {¶ 5} The court held an ex parte hearing that same day, in which Appellant testified as to her reasons for seeking the civil protection order and recounted her version of the March 23, 2005 incident. However, the court found her testimony unbelievable, particularly in light of the dismissal of the domestic violence charges, and denied her petition. Upon dismissing the petition, the court advised Appellant that it would be scheduling a mediation session instead. Appellant appealed to this Court, asserting two assignments of error for review.
 II. A. First Assignment of Error
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY APPLYING THE INCORRECT STANDARD OF PROOF WHEN IT DENIED THE APPELLANT'S REQUEST FOR AN EX PARTE CIVIL PROTECTION ORDER."
 {¶ 6} Appellant alleges that the trial court erred by applying the criminal beyond-a-reasonable-doubt burden of proof to her petition for an ex parte civil protection order. Specifically, she claims that the court's decision to deny her petition was based solely on the prosecutor's decision to dismiss the domestic violence charge in the criminal case, because the "[p]rosecutor did not believe he could meet the burden of proving all the elements of R.C. 2929.25(A) beyond a reasonable doubt." She asserts that the actual burden of proof for granting an ex parte civil protection order under R.C. 3113.31(D)(1) is some
evidence of "[i]mmediate and present danger of domestic violence to the family or household member." She contends that her testimony was sufficient to satisfy this standard and surmises that the trial court was thus obligated to grant the ex parte civil protection order. From this, she concludes that the trial court abused its discretion in denying the petition, and that abuse warrants reversal. This Court disagrees.
 {¶ 7} To resolve Appellant's claim of error, that the trial court improperly denied her petition for an ex parte civil protection order, we must first determine the trial court's burden of proof for a petition for an ex parte civil protection order. We must then determine our standard of review in such a case, and having done both, we must consider — under our standard of review — whether the trial court erred in denying the petition, to the degree that reversal is necessary, based on the appropriate burden of proof and the evidence presented.
 {¶ 8} Appellant proposes that a petitioner's burden of proof for an uncontested, ex parte civil protection order is "even less stringent than" that necessary to justify an order that follows from a full adversarial hearing, although she cites no authority to support this proposition. According to Appellant, the burden of proof on a petitioner seeking an ex parte civil protection order under R.C. 3113.31(D)(1) is some evidence of immediate and present danger of domestic violence to the family or household member. This Court disagrees.
 {¶ 9} "When granting a protection order, the trial court must find that petitioner has shown by a preponderance of theevidence that petitioner or petitioner's family or household members are in danger of domestic violence." (Emphasis added.)Felton v. Felton, 79 Ohio St.3d 34, 1997-Ohio-302, paragraph two of the syllabus, citing R.C. 3113.31(D). "R.C. 3113.31 is silent as to the appropriate burden of proof required to issue a protective order." Id. at 41. Thus, the Court inferred the common preponderance of the evidence standard and concluded that "[h]ad the General Assembly intended that [an alternative] standard apply, it certainly knew how to specify [one.]" Id. at 42. Pertinent to the present case is that the Felton decision drew no distinction between ex parte orders and orders following a full hearing. We decline to do so here. Instead, we follow theFelton reasoning and conclude that had the General Assembly intended a burden of proof other than preponderance of the evidence, it could have so specified. It did not, nor will we. We hold that a petitioner's burden of proof in seeking an ex parte civil protection order under R.C. 3113.31 is a preponderance of the evidence.
 {¶ 10} We next consider this Court's standard of appellate review for this issue. In her brief on appeal, Appellant suggests an abuse of discretion standard. Our research reveals inconsistency on this issue throughout the courts of Ohio, seemingly due to the absence of an explicit Ohio Supreme Court ruling. Six districts, including our own, apply some variation[1] of a civil manifest weight standard, which also appears most akin to the Felton Court's conclusion that, "after thoroughly considering the record, we find that the evidence presented by the appellant was sufficient to meet the preponderance-of-the-evidence standard." Felton,79 Ohio St.3d at 43-44 (also using the language "our review of the record shows sufficient, credible evidence to support a finding"). See, also,Scott v. Chalk, 1st Dist. No. C-010331, 2002-Ohio-1980, *2;Kovacs v. Kovacs, 6th Dist. No. E-03-051, 2004-Ohio-2777, ¶ 4 fn.1 (citing the "competent, credible evidence standard");Samples v. Cruz (May 17, 2001), 8th Dist. No. 78122, *4 (defining a civil manifest weight of the evidence review as requiring "that a judgment be supported by some competent, credible evidence"); Williams v. Workman, 9th Dist. No. 22626,2005-Ohio-5388, ¶ 9 (labeling this "the competent, credible evidence standard"); Davis v. DiNunzio, 11th Dist. No. 2004-L-106, 2005-Ohio-2883, ¶ 41 ("In analyzing the weight of the evidence, * * * we may not substitute our judgment for that of the trial court as long as there is some competent credible evidence to support its findings."); Ferris v. Ferris, 12th Dist. No. CA2005-050-43, 2006-Ohio-878, ¶ 27 ("our review consists in reviewing the record and determining whether there is sufficient, credible evidence").
 {¶ 11} Four districts assert an abuse of discretion standard and are joined by at least one Ohio Supreme Court Justice, who advocated this standard in a dissenting opinion. See, e.g., VanVorce v. Van Vorce, 3d Dist. No. 2-04-11, 2004-Ohio-5646, ¶ 15 (rejecting a manifest weight argument and emphasizing that the proper standard is abuse of discretion, but concluding, "[i]f there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion"); Meyers v.Meyers, 5th Dist. No. CT2005-0005, 2005-Ohio-7040, ¶ 9 (asserting an ordinary abuse of discretion review, but also stating, "[w]e further note that a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence"); Jarvisv. Jarvis, 7th Dist. No. 03-JE-26, 2004-Ohio-1386, ¶ 13 (asserting abuse of discretion as the standard but, "[i]f there is some competent, credible evidence supporting the trial court's judgment, the trial court will not have abused its discretion");Wardeh v. Altabchi, 158 Ohio App.3d 325, 2004-Ohio-4423, ¶ 28
(the 10th District stated, without qualification, "[w]hether to grant a civil protection order is within the sound discretion of the trial court"). See, also, Parrish v. Parrish,95 Ohio St.3d 1201, 1204, 2002-Ohio-1623 (Lundberg Stratton, J., dissenting) (using an unqualified abuse of discretion standard in this dissent).
 {¶ 12} Cases from the two other districts appear inconclusive. The Second District has combined the two standards and appears to apply both. Chapman v. Chapman, 2d Dist. No. 19677, 2004-Ohio-2318, ¶ 17-18 (holding the trial court judgment to be "neither an abuse of discretion nor against the manifest weight of the evidence"); Huddleson v. Huddleson, 2d Dist. No. 20756, 2005-Ohio-3703, ¶ 32 (articulating the standard for manifest weight review, but then explaining that "[t]his court has further employed an abuse of discretion standard in reviewing a trial court's decision on a petition for domestic violence protection order"). The Fourth District has moved back and forth between the two standards. Gooderham v. Patterson (Nov. 9, 1999), 4th Dist. No. 99 CA 01, *2 (rejecting the abuse of discretion standard in favor of a manifest weight review, as perFelton); Parrish v. Parrish, 146 Ohio App.3d 640,2000-Ohio-2693, ¶ 28 (applying an unqualified abuse of discretion standard without citing Gooderham); Walters v. Walters,150 Ohio App.3d 287, 2002-Ohio-6455, ¶ 9, 11 (applying a competent, credible evidence standard to "whether the CPO should have been issued at all," in reliance on Gooderham, but without citingParrish); Wallace v. Masten, 4th Dist. No. 02CA13, 2003-Ohio-1081, ¶ 25 ("the decision to grant or deny a civil protection order lies within the sound discretion of the trial court").
 {¶ 13} In analyzing the present case, we are bound to follow the law of this Court. Accordingly, "[t]he appropriate standard of review is whether the trial court's judgment is `supported by some competent, credible evidence going to all the essential elements of the case.'" Gatt v. Gatt, 9th Dist. No. 3217-M, 2002-Ohio-1749, *1, quoting C.E. Morris Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, syllabus ("Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."). Appellant testified at the ex parte hearing as to her version of the events on March 23, 2005. She also made other accusations against Appellee during her testimony. As she was the only witness and not subject to cross-examination by Appellee at this ex parte hearing, her testimony was uncontroverted. However, the court conducted a colloquy and pursued some of these accusations with additional questioning.
 {¶ 14} There is no basis to conclude, as Appellant does, that the prosecutor dismissed the domestic violence charge due solely to a belief that he could not prove the charge beyond a reasonable doubt. A reason for dismissing the charge is not stated in the record and Appellant's conclusion is mere speculation. In addition, the hearing transcript does not support Appellant's supposition that the court relied exclusively on the prosecutor's dismissal as its basis for denying her petition. Instead, the transcript reveals that the court found her account of the incident, as well as her other accusations, to be unbelievable. The court acknowledged that the dismissal of the criminal charges impugned her story, but this was not the court's only stated basis for denying the petition.
 {¶ 15} A finder of fact is at liberty to believe all, part, or none of the testimony of any witness who appears before it.State v. Caldwell (1992), 79 Ohio App.3d 667, 679; State v.Antill (1964), 176 Ohio St. 61, 67. In this case, the court, as the finder of fact, simply did not believe Appellant's version of the events or her other accusations. Based on our reading of the transcript, we find this to be a reasonable appraisal of her testimony. As her testimony was the only evidence in support of the petition, once it was rendered unbelievable, the court was left without any evidence to support the civil protection order. We conclude that Appellant failed to prove by a preponderance of the evidence that she or her daughter were in immediate or present danger of domestic violence. See R.C. 3113.31(D). The trial court's decision is supported by competent, credible evidence.
 {¶ 16} On appeal, Appellant directs this Court to the "Docket Entry Listing" from the Lorain Municipal Court, which contains a record of Appellee's domestic violence case, tracking it from the complaint through to the eventual dismissal. Appellant calls our attention to the notation that states: "Upon motion of prosecutor and the evidence, case dismissed. Defendant acknowledges probable cause for arrest." Appellant asserts that this entry establishes sufficient evidence to necessitate the civil protection order. This "evidence" was not produced to the trial court at the ex parte hearing on the civil protection order and we conclude from the transcript that the court had no knowledge of it. As such, even if it was persuasive evidence, it was not available for consideration by the trial court in reaching its decision on the petition. Accordingly, it is not appropriate for consideration now. Appellant's first assignment of error is overruled.
 B. Second Assignment of Error
"THE TRIAL COURT ERRED BY FAILING TO SCHEDULE A FULL HEARING ON THE PETITION FOR CIVIL PROTECTION ORDER AFTER IT DENIED APPELLANT'S REQUEST FOR AN EX PARTE CIVIL PROTECTION ORDER."
 {¶ 17} Appellant alleges that the trial court was obligated to conduct a full hearing on her petition in accordance with the statute, which states: "if a person requests an ex parte order but the court does not issue an ex parte order after an ex parte hearing, the court shall proceed as in a normal civil action and grant a full hearing on the matter." R.C. 3113.31(D)(3). Appellant frames this as a matter of statutory interpretation, and suggests that this Court should conduct a de novo review and substitute our judgment for that of the trial court. Toward that end, Appellant acknowledges that the trial court ordered mediation, but insists that mediation is not equivalent to a full hearing. As such, she concludes that the circumstances of this case require this Court to remand with instruction to the trial court to conduct a full hearing. For the reason that follows, this Court disagrees.
 {¶ 18} As a general rule, appellate courts will not rule on alleged errors that could have been raised to the trial court but were not. Stores Realty Co. v. Cleveland Bd. of Bldg. Stds. andBldg. Appeals (1975), 41 Ohio St.2d 41, 43. This doctrine applies to hearings on civil protection orders. See Berry v.Patrick, 8th Dist. No. 85255, 2005-Ohio-3708, ¶ 17; Palo v.Palo, 11th Dist. No. 2003-A-0049 2003-A-0058, 2004-Ohio-5638, ¶ 20; Parker v. Jamison, 4th Dist. No. 02CA002857,2003-Ohio-7295, ¶ 12. The ex parte hearing on Appellant's petition concluded with the court explaining to Appellant that it was denying her request for the civil protection order and instead ordering the parties to mediation:
"[The Court]: Well, I mean, I'll provide you an opportunity to speak to [Appellee] about that. We'll set up a mediation session yet this month, and you will have my Opinion [from the divorce — custody dispute case] yet this month.
"I'm going to deny your request for a Civil Protection Order. Your daughter will continue to visit. If she wants to speak with me about this, I will be pleased to arrange that. Do you understand what I have said?
"[Appellant]: If she does, do I need to call your office?
"[The Court]: Call that Bailiff right there. He will leave you with a card.
"[Appellant]: Okay.
"The Court: Tony, would you get a card?
"The Bailiff: Yes, sir.
"The Court: And get in touch with Mr. Ollerton to set a visitation mediation session with Mother and Father. I would like that done promptly.
"(The proceedings concluded.)"
Thus, Appellant was aware that the ex parte petition for the civil protection order was denied, that there would be no further hearing on the matter, and that the court would be ordering mediation instead. She made no objection, and therefore, has failed to preserve this issue for appeal. This assignment of error is overruled.
 III. {¶ 19} Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, P.J. Moore, J. concur.
[1] Some courts label the standard as civil manifest weight review, while some label it sufficiency, and others merely apply the standard without attaching a label.
"While a distinction between [sufficiency and manifest weight] criteria exists in criminal cases, in a civil proceeding, qualitative and quantitative distinctions between weight and sufficiency of the evidence are not recognized. Under the civil standard, as long as some competent and credible evidence supports a trial court's decision, it cannot be reversed." (Footnotes omitted.) Scott v. Chalk, 1st Dist. No. C-010331, 2002-Ohio-1980, *2, citing State v. Thompkins (1997),78 Ohio St.3d 380, 386-87, C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, syllabus.
Regardless of the label used, each of the cases cited here for this proposition relies on a finding of competent and credible evidence as the standard for conducting the review. Therefore, we have categorized them as variations on this same theme.