OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Appellant, Lisa Lynn Martin, has appealed the January 18, 2008 decision of the Jefferson County Court of Common Pleas that dismissed Martin's request for a permanent civil protection order against Scott Thomas Hanood. On appeal, Martin argues that the trial court abused its discretion in refusing to grant the civil protection order.
 {¶ 2} The trial court considered all of the evidence, made logical decisions regarding its believability, and decided the case in accordance with the applicable law. Accordingly, the trial court did not abuse its discretion in dismissing the case, and the trial court's decision is affirmed.
 {¶ 3} Martin and Hanood, who have not been married, have a daughter who was four years old at the time of the trial. The parties have a shared parenting plan with regard to their daughter. On December 19, 2007, Hanood filed a contempt motion against Martin alleging that Martin had denied Hanood visitation with their daughter. On the same day, Martin filed a petition for a domestic violence civil protection order against Hanood.
 {¶ 4} Martin alleged in her petition that Hanood has a history of alcohol abuse, has a bad temper, is a sociopath, has made threats to Martin and their daughter, has used foul language in front of their daughter, owns twenty firearms, has been physically and mentally abusive, has harassed Martin at home and work, has attempted to get Martin fired from her job, has infiltrated Martin's email account and voicemail, and has threatened Martin by saying "You deserve everything you're going to get" and "I would be happy if you went all the way away." Martin alleged two past instances of physical abuse. First, on December 23, 2005, that Hanood physically abused Martin and choked her in the presence of children. Second, on April 9, 2006, that Hanood grabbed Martin's arm and pushed her into a doorway as she was attempting to move out of the house where she and Hanood resided. Martin stated in the petition that on December 18, 2007, Hanood stated "You have just done it now. By this Thursday I guarantee it," which Martin interpreted as a threat to her life based on Hanood's past behavior. An ex parte Order of *Page 2 
Protection was granted on December 20, 2007, and served on Hanood on December 24, 2007.
 {¶ 5} At the January 10, 2008 trial, Martin repeated her allegations that Hanood had committed two acts of domestic violence against her in 2005 and 2006. Martin did not have evidence to corroborate her claims. Martin also testified that Hanood made threats to Martin during phone calls, on voicemail messages, and during visitation exchanges of their daughter. Martin also alleged that her daughter repeatedly came home from visitation with Hanood with injuries, though Martin primarily suspected that her daughter's injuries stemmed from Hanood's failure to provide consistent supervision.
 {¶ 6} On December 18, 2007, after the daughter allegedly refused to speak to Hanood on the phone that day, Hanood yelled at Martin. Hanood called a second time and left a voicemail message stating "you've done it this time, you just wait until Thursday." Martin testified that the message caused her to fear for herself and her daughter. Amanda Sanderson, a co-worker of Martin, testified as to the phone calls and arguments that she had witnessed, where Hanood yelled and swore at Martin.
 {¶ 7} Hanood denied the allegations of past physical abuse. Hanood presented pictures of Martin that had been taken during the evening of the alleged incident in 2005, which were inconclusive as to general violence but showed no evidence of choking. Hanood stated that the trial resulting from the 2006 claim ended quickly with a verdict of not guilty and an apology from the State of Ohio. Hanood testified that his conversation and voicemail message to Martin on December 18, 2007 was taken out of context. He testified that his statement, "you've done it this time, you just wait until Thursday" was a threat of contempt of court, which he filed on that Thursday.
 {¶ 8} The trial court filed an Order of Dismissal on January 18, 2008 and assigned costs to Martin. Martin filed a motion to stay the trial court's order, which was denied.
 {¶ 9} Martin's sole assignment of error asserts:
 {¶ 10} "The trial court abused its discretion in refusing to grant Martin a Civil Protection Order."
 {¶ 11} Martin argues that the trial court erred when it decided to dismiss Martin's *Page 3 
request for a permanent civil protection order against Hanood. Martin contends that the facts of the case as reflected in the record prove by a preponderance of the evidence that Hanood's actions merited the grant of a domestic violence civil protection order.
 {¶ 12} The decision to grant or dismiss a request for a civil protection order is within the discretion of the trial court. Deacon v.Landers (1990), 68 Ohio App.3d 26, 31, 587 N.E.2d 395. An appellate court will not reverse a trial court's decision regarding a civil protection order absent an abuse of discretion. Parrish v. Parrish
(2000), 146 Ohio App.3d 640, 646, 767 N.E.2d 1182. An abuse of discretion, "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. If the trial court's decision is supported by credible and competent evidence, the appellate court will not reverse the decision as an abuse of discretion. Jarvis v. Jarvis, 7th Dist. No. 03-JE-26, 2004-Ohio-1386, at ¶ 13; Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 23,550 N.E.2d 178.
 {¶ 13} A person seeking a domestic violence civil protection order must demonstrate by a preponderance of the evidence that they are in danger of domestic violence. Felton v. Felton (1997), 79 Ohio St.3d 34,1997-Ohio-302, 679 N.E.2d 672, at paragraph two of the syllabus. Domestic violence" includes attempting to cause or recklessly causing bodily injury, placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of R.C. 2903.211 or 2911.211, or committing any act with respect to a child that would result in the child being an abused child, as defined in R.C. 2151.031. R.C. 3113.31(A)(1).
 {¶ 14} The grant of a civil protection order "cannot be based solely on previous incidents of alleged domestic violence." Solomon v.Solomon, 157 Ohio App.3d 807, 2004-Ohio-2486, 813 N.E.2d 918, at ¶ 23. However, the court may consider past acts of violence in order to determine whether there was a genuine fear of violence in the incident giving rise to the petition. Id. A threat of violence may constitute domestic violence if the resulting fear from the threats is reasonable.Eichenberger v. Eichenberger (1992), 82 Ohio App.3d 809, 815,613 N.E.2d 678. The appellate court is *Page 4 
not in as good a position to assess the demeanor and credibility of witnesses, and thus must usually defer to the trial court on such issues. Id.
 {¶ 15} The trial court resolved the issue of credibility in favor of Hanood, and noted that the timing of Martin's petition indicated an ulterior motive of thwarting Hanood's child visitation rights during Christmas. The trial court found that Martin had no proof of the 2005 and 2006 allegations apart from her own testimony, and did not prove by a preponderance of the evidence or by any other burden of proof that her claims were true. The trial court also found that the other exchanges between the parties, while lacking in civility, did not involve any violence or threats of violence, and that Martin's claim regarding the daughter's injuries was at most based on suspicion of negligence and not related to violence or abuse by Hanood. Finally the court found that Martin's alleged fear from Hanood's phone message on December 17, 2007 was not reasonable.
 {¶ 16} The court explicitly considered and made findings on all allegations related to Martin's request for a civil protection order. The trial court's decision was based upon competent, credible evidence and not an abuse of discretion. Accordingly, Martin's sole assignment of error is meritless and the judgment of the trial court is affirmed.
Vukovich, P.J., concurs.
Waite, J., concurs. *Page 1