[Cite as *Johnson v. Komisarek*, 2017-Ohio-2580.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Sarah E. Johnson                                    Court of Appeals No. L-16-1040

　　　　Appellee                                   Trial Court No. DV2015-0585

v.

Gregory A. Komisarek                          **DECISION AND JUDGMENT**

　　　　Appellant                                  Decided:  April 28, 2017

* * * * *

Tonya M. Robinson, for appellee.

Theodore B. Tucker, III, for appellant.

* * * * *

**JENSEN, P.J.**

## I.  Introduction

{¶ 1} Appellant, Gregory Komisarek, appeals the judgment of the Lucas County

Court of Common Pleas, Domestic Relations Division, issuing a domestic violence civil

protection order that prevents him from having contact with appellee, Sarah Johnson, for

a period of five years.  We affirm.

## A. Facts and Procedural Background

{¶ 2} On September 17, 2015, appellee filed a petition for a domestic violence civil protection order. In the petition, appellee sought protection from appellant, from whom she had recently separated after living together for five years, on the basis of an argument that occurred one week prior. The parties were drinking alcohol and discussing the possibility of rekindling their relationship in appellant's garage before the argument occurred. Meanwhile, appellant was working on his Harley-Davidson motorcycle in preparation for an upcoming bike show.

{¶ 3} About an hour into the discussion, the parties began to argue and appellant allegedly pulled out a gun, pointed it at his chest, and stated that he did not want to live if he could not have appellee. According to appellee's testimony, appellant grabbed her by the hand and forced her to grasp the firearm. As appellee tried to pull her hand away, the firearm rotated and was pointed at her. At this point, appellee stated that the night "got hazy." On redirect, she clarified that the night was hazy due to her fear, and "had nothing to do with the alcohol."

{¶ 4} Appellee subsequently made her way out of the garage and into the front yard, where she called her soon-to-be boyfriend, B.H. Appellee testified that she called B.H. out of fear for her life and in an attempt to escape the situation. During the call, appellant grabbed the phone from appellee, took it into the garage, and "smashed it with a sledgehammer." Appellee followed appellant into the garage and attempted to push over his motorcycle. Appellant pushed appellee away from the motorcycle and into a nearby

2.

toolbox, causing her to sustain bruises to her elbow and forearm.  Appellee then made her way into the home, retrieved her keys, and departed.

{¶ 5} Nearly five months after appellee's petition was filed, the parties appeared before a magistrate for a hearing on the petition.  Appellee, B.H., and appellee's mother, C.J., testified at the hearing.  At the conclusion of the hearing, the magistrate took the matter under advisement.  The magistrate subsequently granted appellee's petition, and the court approved and adopted the magistrate's decision.  Appellant's timely appeal followed.

### B.  Assignments of Error

{¶ 6} On appeal, appellant presents the following assignment of error:

The lower court erred and abused its discretion in its determination that the petitioner/appellee is in danger of or has been a victim of domestic violence by a preponderance of the evidence.

### II.  Analysis

{¶ 7} In his sole assignment of error, appellant argues that the trial court abused its discretion when it found that appellee was in danger of domestic violence by a preponderance of the evidence.

{¶ 8} Pursuant to R.C. 3113.31, a person who is subject to domestic violence may petition a court for a protection order.  Relevant here, domestic violence is defined as "[p]lacing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 or 2911.211 of the Revised Code."  R.C.

3.

3113.31(A)(1)(b).  R.C. 2903.211(A)(1), in turn, states, "No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person."  A person seeking a civil protection order must demonstrate by a preponderance of the evidence that he or she is in danger of domestic violence.  *Felton v. Felton*, 79 Ohio St.3d 34, 42, 679 N.E.2d 672 (1997).

{¶ 9} "The decision to grant or dismiss a request for a civil protection order is within the discretion of the trial court."  *Rangel v. Woodbury*, 6th Dist. Lucas No. L-09-1084, 2009-Ohio-4407, ¶ 11, citing *Deacon v. Landers*, 68 Ohio App.3d 26, 31, 587 N.E.2d 395 (4th Dist.1990).  "An appellate court will not reverse a trial court's decision regarding a civil protection order absent an abuse of discretion."  *Id.*, citing *Parrish v. Parrish*, 146 Ohio App.3d 640, 646, 767 N.E.2d 1182 (4th Dist.2000).  An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).  "If the trial court's decision is supported by credible and competent evidence, the appellate court will not reverse the decision as an abuse of discretion."  *Rangel* at ¶ 11, citing *Jarvis v. Jarvis*, 7th Dist. Jefferson No. 03-JE-26, 2004-Ohio-1386, ¶ 13.

{¶ 10} Upon our review of the record, we cannot find that the trial court abused its discretion in issuing the domestic violence civil protection order.  Appellee's testimony that appellant pulled a gun on himself (eventually turning it on her), paired with his smashing of her phone, if believed, establishes that appellant engaged in a pattern of

4.

conduct that knowingly caused appellee mental distress and a fear of physical harm as prohibited by R.C. 2903.211(A)(1). While appellant argues that appellee's credibility is questionable in light of her acknowledgement that the night of the incident is "hazy" in her memory, appellant offered no testimony to refute appellee's recollection of the incident. Moreover, we find no merit to appellant's defense of property argument, in which he seeks to justify his pushing of appellee into a toolbox on the basis that he was protecting his motorcycle from being damaged. Even excluding the injuries appellee sustained as a result of appellant pushing her into his toolbox, we find that the trial court's grant of the domestic violence civil protection order was appropriate and was not unreasonable, arbitrary, or unconscionable. The smashing of appellee's phone and brandishing of a firearm were sufficient to cause appellee to experience mental distress and to believe that she was in danger of physical harm under R.C. 2903.211(A)(1).

{¶ 11} Accordingly, appellant's sole assignment of error is not well-taken.

### III. Conclusion

{¶ 12} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

Thomas J. Osowik, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE