DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Sandusky County Court of Common Pleas, Domestic Relations Division. Appellant, Malisa M. Caudill, appeals the August 18, 2004 judgment entry which granted appellant and appellee, James W. Caudill, a divorce and divided the parties' marital assets and liabilities. Because we find that a portion of the trial court's judgment is not supported by the manifest weight of the evidence, we reverse in part.
 {¶ 2} The relevant facts are as follows. The parties were married in 1995. One child was born of the marriage on July 30, 1998. On December 7, 1998, appellant filed a complaint for divorce. On December 18, 1998, the court issued a temporary order awarding appellant $260 a week in support. Appellee answered the complaint in January 1999. A trial was conducted on May 15, 2000 and July 14, 2000. The court heard testimony regarding the parties' debt and retirement accounts. In July 2000, the court increased appellee's child support responsibility to $555.86 a week. It wasn't until August 18, 2004 that the trial court issued a judgment entry granting the parties a divorce. Appellant now appeals setting forth the following assignments of error:
 {¶ 3} "I. The trial court erred, and abused its' discretion, to the prejudice of appellant, when it failed to issue it's final judgment of divorce until four (4) years had elapsed since all the evidence had been presented in this matter."
 {¶ 4} "II. The trial court's decision was against the manifest weight of the evidence resulting in manifest injustice."
 {¶ 5} In her first assignment of error, appellant contends that the court erred in not issuing a judgment entry until four years after the trial in this matter. C.P.Sup.R. 40(A)(2) provides in part: "All cases submitted for determination after a court trial shall be decided within 90 days from the date the case has been submitted." The rules of superintendence, however, are guidelines for judges only and are not intended to function as rules of practice and procedure. State v. Mahoney (1986),34 Ohio App.3d 114. Appellant's first assignment of error is found not well-taken. Although we find no reversible error in the court's delay, we feel compelled to comment on the fact that four years is an unconscionable amount of time for litigants to await a decision.
 {¶ 6} In her second assignment of error, appellant contends that the court's decision was against the manifest weight of the evidence. First, appellant contends that the court erred in failing to address the issue of appellant's Christmas club bank account.
 {¶ 7} In a divorce proceeding, a trial court must classify property as either marital or separate and then award each spouse his or her separate assets. R.C. 3105.171(B) and (D). Marital property includes "all real and personal property that currently is owned by either or both of the spouses * * * and that was acquired by either or both of the spouses during the marriage." R.C. 3105.171(A)(3)(a)(i). Separate property includes any interest in real or personal property that is acquired prior to the marriage. R.C. 3105.171(A)(6)(a)(ii).
 {¶ 8} "In determining whether the trial court has appropriately categorized property as separate or marital, the standard of review is whether the classification is against the manifest weight of the evidence." Eggeman v. Eggeman, 3d Dist. No. 2-040-6, 2004-Ohio-6050, at ¶ 14, citing Henderson v.Henderson, 3d Dist. No. 10-01-17, 2002-Ohio-2720, ¶ 28. Accordingly, the trial court's judgment will not be reversed if the decision is supported by some competent, credible evidence. Eggeman at ¶ 14, citing DeWitt v. DeWitt, 3d Dist. No. 9-02-42, 2003-Ohio-851, ¶ 10.
 {¶ 9} Appellant testified that for six months in 1998, her former employer deducted $25 a week from her paycheck for a Christmas club fund. The deductions were deposited into the parties' joint savings account. Appellant alleged that during their separation but before she filed for divorce, appellee withdrew the Christmas club money, totaling approximately $900, from their joint savings account. In support of her contention, appellant submitted one bank receipt into evidence showing that on July 27, 1998, appellee transferred $750 from the parties' joint account and deposited the money into another account. Appellant submitted a second bank receipt showing that appellee withdrew $150 from the parties' joint account on July 27, 1998. The account was then closed. Appellant seeks reimbursement of her Christmas club account.
 {¶ 10} Appellee testified that in July 1998, he withdrew $750 to pay for a deposit and rent for an apartment after he had been asked to leave his marital residence. Appellee testified that the joint checking account was split between the parties before it was closed. As appellant's "Christmas club account" was merely a certain amount of money in the parties' now closed joint account, we conclude that the court properly addressed the issue in the judgment entry when stating that "[A]ny and all bank accounts presently titled in that parties' [sic] name shall be that parties' [sic] free and clear of any demands of the other." Accordingly, appellant's argument regarding her "Christmas club account" is without merit.
 {¶ 11} Appellant also contends that there is no evidence in the record to support the trial court's finding that appellee is current in his temporary child support obligation. We agree. The record in this case contains a payment history report from the Sandusky County Child Support Enforcement Agency showing that as of December 31, 2000, appellee owes $2,416.92 in arrearages. Nothing in the record supports the trial court's finding that appellee is current in his child support payments. Accordingly, appellant's second assignment of error is found well-taken in part.
 {¶ 12} On consideration whereof, this court finds that substantial justice was not done the parties complaining, and the judgment of the Sandusky County Court of Common Pleas, Domestic Relations Division, is affirmed, in part, and reversed, in part. The portion of the trial court's judgment entry, page 5 which reads: "[T]he Court specifically finds that the Defendant is current in his temporary Child Support obligation * * *" is reversed and vacated. We can remand this case to the trial court to address appellant's second assignment of error or we can, pursuant to App.R. 12(B), "render the judgment or final order that the trial court should have rendered." An expeditious resolution will, in some small measure, at long last give these parties the finality they are entitled to have, and to finally allow them to get on with their lives. Therefore, to avoid further delay in this case, pursuant to App.R. 12(B), we modify the trial court's judgment entry as follows:
 {¶ 13} "* * * the child support shall continue pursuant to the Court's prior order dated August 1, 2000 with Defendant paying as and for child support for said minor child the sum of $555.86 per month, plus poundage in the amount of $11.11 for a total monthly sum of $566.97 per month. The court finds that defendant owes arrearages in the amount of $2,416.92."
 {¶ 14} Appellant and appellee are each ordered to pay one-half of the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Pietrykowski, J., Concur.