DECISION AND JUDGMENT
{¶ 1} Appellant, Kevin C. Gannon, appeals a civil protection order issued by the Wood County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} On July 11, 2007, appellee, Janice Snyder Gannon, filed a petition for a domestic violence civil protection order after an incident with her husband, appellant. In *Page 2 
her petition she stated, "Kevin repeatedly threatens me to sell the house which is in my name so that he can get the money he gave me before we were married."
 {¶ 3} Following an ex parte hearing before a magistrate, the court issued a temporary protection order and set a final hearing date on the petition. At the final hearing, appellee testified to the events that caused her to seek the order.
 {¶ 4} According to testimony by appellee, Janice Snyder Gannon, on Sunday, July 1, 2007, her husband, appellant Kevin C. Gannon, came from behind her as she stood in her kitchen and placed his arm around her throat. When appellee told appellant this hurt, he laughed and moved his arm around her breasts and squeezed, causing her pain. Appellee testified appellant's acts made her fearful for her safety.
 {¶ 5} On July 8, appellee reported, appellant accused her of taking money and pushed her into a closet where he held her until she told him she had taken money and promised to sell the house, which was in her name. Again, appellee testified, she feared for her safety. Later the same day, according to appellee, following further threats from appellant, when she attempted to call 911, appellant grabbed her cell phone and broke it in half. After this, appellee testified, appellant pursued her onto a golf course adjacent to their home, chasing her around two golfers in a cart as she asked them to call police.
 {¶ 6} Appellant testified about the incident that occurred the morning she filed the petition: *Page 3 
 {¶ 7} "Q Okay. Do you recall an incident that happened on July 11th, 2007?
 {¶ 8} "A Yes. I was, I got up in the morning and [appellant] started shouting at me and saying that I had taken his money, and he said that he was going to divorce me and that he would kill me except that he would spend the rest of his life in jail.
 {¶ 9} "Q Okay. And did he follow you that day?
 {¶ 10} "A Yes, he followed me to the Belmont Country Club parking lot where I was trying to call the Perrysburg victim advocate, Sandy Bauman, so she could tell me where to go in this building for a civil protection order.
 {¶ 11} "Q And what took place in that parking lot?
 {¶ 12} "A He had the puppy and he took the puppy out of the truck and told her to run away and she didn't run away and he was blocking me so I couldn't back out and he put her in the truck and told me he was going to throw her on the railroad tracks.
 {¶ 13} "* * *
 {¶ 14} "Q Okay. And what, did you do when he did that in this incident? What happened then?
 {¶ 15} "A He pounded on the windows, and I started blowing the horn so somebody in the country club could come and help me.
 {¶ 16} "Q Okay.
 {¶ 17} "A And when I did that he put the puppy back in his truck and drove away." *Page 4 
 {¶ 18} She also testified that on several occasions appellant had pointed a gun at her.
 {¶ 19} After the final hearing, the magistrate found that appellant had engaged in a pattern of conduct that caused appellee to believe that he would cause her physical harm and that he had caused her mental distress. On these findings, the magistrate continued the protection order and directed appellant to pay appellee $1,5049.25, "* * * as spousal support for attorney fees."
 {¶ 20} Appellant objected to the magistrate's order. The trial court overruled appellant's objections, affirming the magistrate's order in full. From this judgment, appellant now brings this appeal, setting forth the following four assignments of error:
 {¶ 21} "First Assignment of Error:
 {¶ 22} "The trial court erred by failing to grant, but ignoring appellant's Civ. R. (12)(B)(6) motion to dismiss [.]
 {¶ 23} "Second Assignment of Error:
 {¶ 24} "The trial court erred in issuing a protective order as there was no evidence of any act of domestic violence by appellant on or about July 11, 2007[.]
 {¶ 25} "Third Assignment of Error:
 {¶ 26} "The trial court erred in conducting a hearing without opportunity for appellant to conduct discovery, subpoena witnesses or otherwise meet and rebut appellee's unnoticed allegations at trial [.] *Page 5 
 {¶ 27} "Fourth Assignment of Error:
 {¶ 28} "The trial court erred in awarding appellee attorney fees without any express authority to do so [.]"
 {¶ 29} Pursuant to R.C. 3113.31, one who is the subject of domestic violence may petition a domestic relations court or a common pleas court for a protection order. "Domestic violence" occurs, inter alia, when one attempts to cause, or recklessly causes, bodily injury to a family or household member or places such person in fear of imminent serious physical harm by threat of force, R.C. 3113.31(A)(1)(a)(b), or engages in a pattern of conduct that the actor knows will cause the family or household member to believe that the actor will cause physical harm or mental distress to such person. Id., R.C. 2903.211.
 {¶ 30} If the petitioner requests an ex parte protection order, the court is directed to conduct an ex parte hearing on the same day that the petition is filed. If the court finds, following such a hearing, that there is good cause that such an order be issued, it may issue a temporary protection order, scheduling a full hearing on the matter not more than seven court days after the ex parte hearing. R.C. 3113.31(D)(1), (2)(a). "Immediate and present danger of domestic violence to the family or household member constitutes good cause for purposes of this section. Immediate and present danger includes, but is not limited to, situations in which the respondent has threatened the family or household member with bodily harm * * *." R.C. 3113.31(D)(1). *Page 6 
 I. Failure to State a Cause {¶ 31} In his first assignment of error, appellant asserts that because the language appellee used in her petition for the protection order stated neither that appellant had attempted or recklessly caused bodily injury, nor by threat of force caused appellee to fear serious physical harm, it did not state a claim upon which relief may be granted under R.C. 3113.31. Accordingly, appellant insists, the trial court should have granted appellant's motion to dismiss pursuant to Civ. R. 12(B)(6) interposed at the conclusion of the final hearing on the petition.
 {¶ 32} Appellee responds that Civ. R. 15(B) provides for amendment of the pleadings to conform to the evidence on issues not pled, but tried with the express or implied consent of the parties. According to appellee, her testimony at the final hearing on the petition was undisputed and clearly established acts of violence or threatened violence sufficient to demonstrate behavior by appellant within the statute. Since appellant did not object to this testimony, appellee maintains, he impliedly consented to trial of those issues and the decision of the trial court should be affirmed.
 {¶ 33} Civ. R. 15(B) provides:
 {¶ 34} "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party *Page 7 
at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. * * *"
 {¶ 35} Implied consent is demonstrated when it appears the parties understood that the evidence was aimed at the unpleaded issue. State exrel. Evans v. Bainbridge Township Trustees (1983), 5 Ohio St.3d 41, paragraph two of the syllabus. Moreover, it is immaterial that the court did not expressly make such an amendment. The rule states that any failure to amend does not alter the result of the trial. MotoristsMutual Ins. Co. v. Howe (Dec. 28, 1984), 11th Dist No. 3398.
 {¶ 36} Appellant did not object to appellee's testimony which was manifestly beyond the allegations set forth in her petition. Neither did he seek a continuance to respond to these issues, which is permitted under the rule. Consequently, we must conclude that appellant impliedly consented to trial of these issues and cannot now be heard to complain of the result. Accordingly, appellant's first assignment of error is not well-taken.
 II. Acts of July 11 {¶ 37} In his second assignment of error, appellant insists that appellee's testimony was insufficient to establish that he used a threat of force to instill a fear of imminent serious physical harm on the day the petition was filed. Appellant insists that behavior on any other day is too remote to satisfy the statute as interpreted by case law.
 {¶ 38} Appellee responds that the authority cited by appellant stands not for the proposition that the acts which instill fear of imminent harm must happen on the same *Page 8 
day as the petition, but that the fear must be present on the day alleged, irrespective of when the acts precipitating the fear occurred. In any event, appellant insists, in this matter, appellee testified to being trapped by appellant in her bathroom and then chased by him to a parking lot, pounding on her windows and threatening to throw the puppy under a train, all on the date of the petition. Even if the events of domestic violence alleged must happen on the same day as the petition, appellee maintains, this testimony is sufficient to support the court's finding.
 {¶ 39} We must concur with appellee in her assessment of the weight of appellant's authority. The cases appellant cites, none of which are from this court, properly hold that a finding of statutory domestic violence may not be based solely on remote events, but must be premised on conduct current enough that the fear engendered is current.[1] The trial court concluded that, "The Magistrate, at the time of the ex parte hearing and at the final hearing, clearly heard sufficient evidence to justify issuing a civil protection order based on the conduct of [appellant,] particularly in the time period between July 1 and July 8 of this year. This is sufficiently close to the date of the filing of the Petition * * *." We agree with the trial court. *Page 9 
 {¶ 40} Accordingly, appellant's second assignment of error is not well-taken.
 III. Discovery {¶ 41} In his third assignment of error, appellant argues that he was denied due process by not being afforded sufficient time to conduct discovery or subpoena witnesses in response to what he characterizes as "appellee's unnoticed allegations at trial."
 {¶ 42} Appellee responds that appellant waived any error inherent in the issues raised in the hearing by failing to object to appellee's testimony and not requesting a continuance beyond the 30 days that had already been granted him.
 {¶ 43} Civ. R. 15(B) expressly permits a court to grant a continuance to enable a party to respond to issues raised at trial. Thus, had the trial court denied such a motion, it would likely have been error. The court is not, however, required to sua sponte issue such an order. Appellate courts need not consider issues, even constitutional issues, which have not first been brought to the trial court's attention.Atkison v. Grumman (1988), 37 Ohio St.3d 80, 82. We decline to find error in the denial of a motion that was not made. Accordingly, appellant's third assignment of error is not well-taken.
 IV. Attorney Fees {¶ 44} In his final assignment of error, appellant contends that a court has no authority under R.C. 3113.31 to award attorney fees. We disagree.
 {¶ 45} R.C. 3113.31(E)(1)(e) expressly permits the court to order a respondent to maintain the support of the petitioner if the respondent customarily provides or has a duty to provide support. It was as a support order that the court directed appellant to *Page 10 
reimburse the cost of appellee's attorney in obtaining her protection order. In our view this was proper.
 {¶ 46} Accordingly, appellant's remaining assignment of error is not well-taken.
 {¶ 47} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR.
[1] Solomon v. Solomon, 157 Ohio App.3d 807, 2004-Ohio-2486, ¶ 23
("[Petitioner may rely on past acts to establish a genuine fear of violence in the present situation."); Bahr v. Bahr, 5th Dist. No. 03 COA 011, 2003-Ohio-5024 (Petitioner failed to testify to any event which could be construed as a threat.); Bruner v. Bruner, 7th Dist. No. 99 C.A. 285, 2000-Ohio-2554 (Events that antedated the petition by three years too remote to support finding.); Anderson v. Anderson (Dec. 19, 2001), 7th Dist. No. 00-C.A. 89 (Events which formed the basis for a prior expired civil protection order insufficient as sole basis for a new order.) *Page 1