[Cite as *Patel v. Bellaire*, 2012-Ohio-4348.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ARVIND PATEL, ET AL., | ) | |
| | ) | |
| PLAINTIFFS-APPELLANTS, | ) | |
| | ) | |
| V. | ) | CASE NO. 10 BE 27 |
| | ) | |
| VILLAGE OF BELLAIRE, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from Court of Common
Pleas of Belmont County, Ohio
Case No. 08CV412

JUDGMENT: Affirmed

APPEARANCES:
For Plaintiffs-Appellants          Atty. David L. Delk
1226 Chapline St., P.O. Box 351
Wheeling, WV 26003

Arvind Patel, Pro-se
16 Renaissance Way
Wheeling, WV 26003

For Defendant-Appellee             Atty. Mel L. Lute, Jr.
400 South Main St.
North Canton, Ohio 44720

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: September 24, 2012

DONOFRIO, J.

{¶1}   Plaintiffs-appellants, Arvind Patel and Anu & Amu, Inc., appeal from a Belmont County Common Pleas Court judgment granting summary judgment in favor of defendant-appellee, the Village of Bellaire (Bellaire), and dismissing their complaint.

{¶2}   Patel is the president of Anu & Amu, Inc. (Anu). Anu did business as the 7-Inn Motel located in Bellaire, Ohio (the motel).

{¶3}   Bellaire contracted with Neff's Fire Department to conduct all code enforcement inspections. Captain Dennis VanKirk of the Neff's Fire Department conducted an initial inspection of the motel on September 6, 2006. Patel characterizes this inspection as a "raid," and notes that eight to ten Bellaire officials were present. Captain VanKirk cited appellants for numerous safety and fire code violations. The next day, Bellaire obtained a temporary restraining order closing the motel. Bellaire Law Director Michael Shaheen also sought a permanent injunction to close the motel subject to the complete repair in accordance with the state fire code requirements.

{¶4}   On September 20, 2006, Officers Richard Vance and Richard Mansfield from the Ohio Department of Commerce, State Fire Marshal's Division conducted an inspection of the motel to determine whether there were any remaining fire code violations. They discovered 183 violations of the state fire code and issued Patel another citation. Patel filed a request for a hearing with the Board of Building Appeals, which upheld the State Fire Marshal's citations. Patel did not appeal this decision.

{¶5}   In July 2007, Bellaire dismissed its lawsuit against appellants for a permanent injunction since the motel was no longer in operation and Patel's hotel/motel operator's license had expired.

{¶6}   On August 29, 2008, appellants filed a complaint against Bellaire raising claims of conspiracy, negligence, and tortious interference with economic advantage.

{¶7}   On December 4, 2008, Bellaire filed a motion for summary judgment. It

asserted that appellants' claims failed because it was protected by political subdivision immunity, because appellants failed to allege an illegal act to support their civil conspiracy claim, and because appellants' claims were barred by the doctrine of res judicata. In support of its motion, Bellaire attached the affidavits of Captain VanKirk and Atty. Shaheen. Patel filed a pro se memorandum in opposition shortly thereafter.

**{¶8}** Patel next filed a motion requesting that the trial judge recuse herself from this case. He then filed a motion to compel Bellaire to respond to his first set of interrogatories and request for production of documents.

**{¶9}** Bellaire filed a brief opposing the motion to compel stating that it had answered Patel's interrogatories and attached a copy of the notice of service of responses to discovery requests filed February 27, 2009. The court thereafter denied Patel's motion to compel.

**{¶10}** On March 18, 2009, the trial court put on an entry stating that it had held a pretrial hearing and that a trial was scheduled for January 21, 2010. It further set deadlines for discovery completion and dispositive motions.

**{¶11}** On April 10, 2009, counsel filed a notice of appearance on behalf of appellants.

**{¶12}** On July 8, 2009, the trial court put on an order directing appellants' counsel to review all of Patel's pro se motions for which it had yet to file a ruling and determine which, if any motions, were meritorious and to file those motions under counsel's name. It stated that any motion not refiled under counsel's name would be deemed overruled.

**{¶13}** On April 20, 2010, the court put on an entry stating that it had held a pretrial hearing and trial was set for November 9, 2010. It once again set deadlines for discovery completion and dispositive motions.

**{¶14}** On July 21, 2010, Bellaire filed a supplemental brief in support of summary judgment.

**{¶15}** On October 26, 2010, appellants' counsel withdrew from the case.

{¶16} On November 4, 2010, the trial court granted Bellaire's summary judgment motion. It found that appellants failed to introduce evidence in opposition to the evidence produced by Bellaire and that there was no evidence to create a genuine issue of material fact.

{¶17} Appellants filed a timely notice of appeal on November 30, 2010.

{¶18} Appellants are represented by counsel in this case and counsel has filed a brief raising one assignment of error. Patel has also filed a pro se brief in which he raises six additional assignments of error. The assignment of error raised by counsel states:

THE TRIAL COURT COMMITTED ERROR WHEN IT DENIED APPELLANTS['] REQUEST FOR ADDITIONAL DISCOVERY PURSUANT TO RULE 56(F) OF THE OHIO RULES OF CIVIL PROCEDURE.

{¶19} Appellants argue that the trial court should not have granted summary judgment to Bellaire without first addressing appellants' request for additional discovery. They contend that Bellaire's summary judgment motion, filed just four months after they filed their complaint, got lost in the shuffle of the litigation. For support, appellants point out that the trial court filed several judgment entries setting trial dates and deadlines without mentioning Bellaire's summary judgment motion or appellants' pro se request for additional discovery. Appellants contend that the trial court should have denied Bellaire's summary judgment motion, granted their motion for additional discovery, and set a deadline for them to produce evidence in opposition to the summary judgment motion.

{¶20} Appellants seem confused here about what actually occurred in the trial court. Bellaire filed its summary judgment motion in December 2008. Patel then filed a pro se brief in opposition. Patel also filed a motion to compel, which apparently is the request for additional discovery that appellants' address in this assignment of error, requesting that the court compel Bellaire to answer its first set of interrogatories

and request for documents. Bellaire then filed a brief in opposition to the motion to compel. As support, Bellaire filed with the court a notice that it had answered Patel's requests and attached a copy of the notice of service of responses to discovery requests filed February 27, 2009.

**{¶21}** Thus, Bellaire did provide appellants with the requested discovery.

**{¶22}** Furthermore, appellants contend that Bellaire's summary judgment motion, filed just four months after appellants filed their complaint, got "lost in the shuffle" and the trial court decided on its own to grant it after almost two years. But this also is not accurate. Bellaire did file its summary judgment motion in December 2008. However, in July 2010, it filed a supplemental brief in support of summary judgment and filed Patel's deposition in further support of its motion. Thus, even if the court had lost track of Bellaire's original summary judgment motion, Bellaire brought it to the court's attention in July 2010, and provided additional evidence in support of its motion. Appellants failed to respond to the supplemental brief. Consequently, the trial court did not simply resurrect Bellaire's motion after forgetting about it for two years as appellants suggest.

**{¶23}** Accordingly, appellants' assignment of error raised by counsel is without merit.

**{¶24}** Patel has raised the remaining six assignments of error in his pro se brief. His first assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETIONARY POWER BY GRANTING SUMMARY JUDGMENT WHEN APPELLEE FAILED TO PROVE THAT THERE ARE NO GENUINE ISSUES OF MATERIAL FACT WITH RESPECT TO EVERY ESSENTIAL COUNT OF THE COMPLAINT.

**{¶25}** Patel argues here that summary judgment was inappropriate. He asserts the court failed to address the raid on his hotel without probable cause. He further contends that in granting summary judgment, the trial court relied on the

affidavits that he alleged were "false, fraudulent and manufactured." Finally, he asserts that Bellaire failed to address his allegation that appellee wrongfully continued its prosecution despite the fact that he corrected the violations at his hotel.

{¶26} In reviewing a trial court's decision on a summary judgment motion, appellate courts apply a de novo standard of review. *Cole v. Am. Industries & Resources Corp.*, 128 Ohio App.3d 546, 552, 715 N.E.2d 1179 (1998). Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Flemming*, 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994). A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

{¶27} Whether a political subdivision is entitled to immunity is analyzed using a three-tiered process. *Green Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 556, 733 N.E.2d 1141 (2000). Under the first tier, R.C. 2744.02(A)(1) sets out the general rule that political subdivisions are not liable in damages. *Id.* at 556-57. Under the second tier, the court must determine whether any of the exceptions to immunity set out in R.C. 2744.02(B) apply. *Id.* at 557. Finally, under the third tier, if the court finds that any of R.C. 2744.02(B)'s exceptions apply, it must consider R.C. 2744.03, which provides defenses and immunities to liability. *Id.*

{¶28} Thus, in this case, we must begin our analysis under the first tier with the premise that Bellaire is not liable in damages here.

{¶29} Under the second tier, we must look at whether any of the R.C. 2744.02(B) exceptions apply. Those exceptions are:

(1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the

negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority. * * *

* * *

(2) Except as otherwise provided in sections 3314.07 and 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.

(3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads, * * *.

(4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility * * *.

(5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code, * * * ."

{¶30} Appellants did not raise any of these exceptions to immunity.

{¶31} The only argument Patel raised in his memorandum of law in opposition to defendant's motion for summary judgment was that Bellaire's agents (specifically

Captain VanKirk and Atty. Shaheen) were acting outside of the scope of their employment when they issued the citations to him and filed for an injunction to close the motel. The problem with this argument is that Patel did not name Captain VanKirk or Atty. Shaheen as defendants in this case. And if in fact they were acting outside the scope of their employment, this would only be further support for finding that Bellaire was not liable to appellants.

**{¶32}** In contrast, Bellaire presented Captain VanKirk's affidavit. He averred to the following. Bellaire contracted with Neff's Fire Department to conduct all code enforcement inspections. (VanKirk Aff. ¶1). He conducted an initial inspection on September 6, 2006. (VanKirk Aff. ¶2). He was required by law to enforce the applicable codes as pertaining to places of public accommodation. (VanKirk Aff. ¶3). He found over 100 individual violations of the fire code at the motel. (VanKirk Aff. ¶7). On September 20, 2006, State Fire Marshal Officers Vance and Mansfield inspected the motel, found 183 violations of the state fire code, and issued Patel a citation for the violations. (VanKirk Aff. ¶9).

**{¶33}** Bellaire also offered Atty. Shaheen's affidavit. Shaheen averred that as Bellaire's law director, he requested temporary and permanent injunctive relief to evacuate and close the motel subject to the complete and appropriate repair in accordance with state fire code requirements. (Shaheen Aff. ¶2-3).

**{¶34}** Thus, we are left only with the presumption that Bellaire is protected by governmental immunity. Captain VanKirk's and Atty. Shaheen's affidavits are undisputed that they were acting within the scope of their employment with and as agents of Bellaire. And there is no evidence that they are "false, fraudulent and manufactured" as Patel alleges. As such, summary judgment was proper.

**{¶35}** Accordingly, Patel's first pro se assignment of error is without merit.

**{¶36}** Patel's second pro se assignment of error states:

THE LOWER COURT ABUSED ITS DISCRETIONARY POWER IN NOT CONSTRUING THE FACTS IN THE LIGHT MOST FAVORABLE TO THE NONMOVING PARTY.

{¶37} Here Patel contends that the trial court failed to construe the facts in the light most favorable to him, the non-moving party, because of the court's "bias, prejudiced, bigoted and retaliatory attitude" towards him. He further asserts that the court failed to address his conspiracy, negligence, and tortious interference with economic advantage claims. Appellant goes on to allege that even though he corrected the violations he had been cited for by the state fire marshal, the court allowed Atty. Shaheen to prosecute the motel based upon the violations. Additionally, Patel asserts that Bellaire illegally raided the motel and this was part of the conspiracy to shut it down.

{¶38} Appellant addresses part of his argument here to accusing the trial court judge of being biased and prejudiced against him, having a bigoted attitude, and wanting to retaliate against him for filing a motion seeking her recusal. As we will address in detail in Patel's third pro se assignment of error, this is not the proper forum to raise this argument.

{¶39} Appellant bases the remainder of his argument asserting that Bellaire conducted a "raid" on the motel and that he corrected the violations for which he was cited. However, as discussed above, Bellaire enjoys political subdivision immunity in this case. And as Bellaire points out, Patel did not present any evidence to dispute Captain VanKirk's affidavit regarding the numerous fire code violations at the motel.

{¶40} Accordingly, Patel's second pro se assignment of error is without merit.

{¶41} Patel's third pro se assignment of error states:

THE LOWER COURT WILLFULLY ABUSED ITS DISCRETIONARY POWER AND VIOLATED APPELLANT ARVIND PATEL'S DUE PROCESS RIGHTS BY OVERRULING THE MOTION TO RECUSE FILED AGAINST IT.

{¶42} Patel contends here that the trial court judge should have recused herself from this case based on his motion. He asserts that after he filed a motion with the trial court judge accusing her of bigotry and racism, there was no way she

could proceed with the case in an impartial manner.

**{¶43}** "The Chief Justice of the Supreme Court of Ohio, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced." *Jones v. Billingham,* 105 Ohio App.3d 8, 11, 663 N.E.2d 657 (1995), citing Section 5(C), Article IV, Ohio Constitution; *Adkins v. Adkins*, 43 Ohio App.3d 95, 539 N.E.2d 686 (1988). R.C. 2701.03 provides the exclusive means by which a litigant can assert that a common pleas judge is biased or prejudiced. *Id.* R.C. 2701.03(A) provides:

> If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.

**{¶44}** An appellate court lacks the authority to pass upon the disqualification of a common pleas court judge or to void the judgment of a trial court on that basis. *State v. Ramos*, 88 Ohio App.3d 394, 398, 623 N.E.2d 1336 (1993).

**{¶45}** Thus, we are without the authority to determine whether the trial court judge should have recused herself in this case. If Patel thought the trial court judge should have recused herself, his remedy was to file an affidavit of disqualification with the clerk of the Ohio Supreme Court.

**{¶46}** Accordingly, Patel's third pro se assignment of error is without merit.

**{¶47}** Patel's fourth pro se assignment of error states:

> THE TRIAL COURT WILLFULLY ABUSED ITS DISCRETIONARY POWER AND GRANTED SUMMARY JUDGMENT AGAINST

APPELLANT BASED ON FALSE, FRAUDULENT AND EXAGGERATED AFFIDAVITS AND TESTIMONY.

**{¶48}** In this assignment of error, Patel asserts that Captain VanKirk falsely and fraudulently manufactured over 100 violations and exaggerated them as "extremely dangerous" in his affidavit in order to support appellee in securing a restraining order against the motel. He argues that the missing light globe and lack of GFCI receptacles that Captain VanKirk cited were not cited by the state fire marshal and the motel had always been given 30 days to correct such violations. Patel further asserts that Captain VanKirk contradicted and perjured himself when he averred that the motel had exposed wiring, deplorable conditions, flammable materials, and lack of adequate or working fire extinguishers. Patel relies on his own deposition testimony for support.

**{¶49}** Patel's own testimony that Captain VanKirk and the police chief tell "lies" (Patel dep. 30-32, 42-43) does not create a genuine issue of material fact as to his civil conspiracy claim. Moreover, as to a civil conspiracy, an underlying unlawful act is required before a civil conspiracy claim can succeed. *Williams v. Aetna Financial Co.*, 83 Ohio St.3d 464, 475, 700 N.E.2d 859 (1998). Appellant has not alleged an unlawful act here. Thus, his civil conspiracy claim must fail.

**{¶50}** Accordingly, Patel's fourth pro se assignment of error is without merit.

**{¶51}** Patel's fifth pro se assignment of error states:

THE LOWER COURT ABUSED ITS DISCRETIONARY POWER BY SUMMARILY JUDGING THE CASE WHEN APPELLANTS WERE WITHOUT LEGAL REPRESENTATION AND WITHOUT GRANTING APPELLANTS THE OPPORTUNITY TO RETAIN COUNSEL.

**{¶52}** Patel argues that the trial court should have continued the case to allow appellants the chance to retain new counsel after their counsel withdrew. He claims that the trial court erred in ruling on the summary judgment motion while appellants

were without counsel.

**{¶53}** Appellants filed their complaint on August 29, 2008. Bellaire filed its motion for summary judgment on December 4, 2008. Patel filed a pro se memorandum in opposition shortly thereafter. Patel next filed a motion requesting that the trial judge recuse herself. He then filed a motion to compel Bellaire to respond to his discovery requests. Bellaire filed a brief opposing the motion to compel and attached a copy of the notice of service of responses to discovery requests filed February 27, 2009.

**{¶54}** On March 18, 2009, the trial court put on an entry stating that it had held a pretrial hearing and a trial was scheduled for January 21, 2010. Up until this time, Patel had proceeded pro se. On April 10, 2009, counsel filed a notice of appearance on behalf of appellants. On July 8, 2009, the trial court put on an order directing appellants' counsel to review all of Patel's pro se motions for which it had yet to file a ruling and determine which, if any motions, were meritorious and to file those motions under counsel's name. It stated that any motion not re-filed under counsel's name would be deemed overruled.

**{¶55}** No action whatsoever was taken in this case from July 8, 2009, until March 10, 2010, when the court scheduled a pretrial for April 15.

**{¶56}** On April 20, 2010, the court put on an entry stating that it had held a pretrial hearing and trial was set for November 9. Bellaire filed a supplemental brief in support of summary judgment on July 21.

**{¶57}** On October 26, 2010, appellants' counsel withdrew from the case. The trial court granted Bellaire's summary judgment motion on November 4.

**{¶58}** The decision to grant a continuance is within the trial court's sound discretion, and thus will not be reversed absent an abuse of discretion. *Nationwide Mut. Fire Ins. v. Barrett*, 7th Dist. No. 08 MA 130, 2008-Ohio-6588, ¶19, citing *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). An abuse of discretion connotes more than an error in law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5

Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶59}** Appellants did not request a continuance in this case after their counsel withdrew. Moreover, for the first seven-and-a-half months after filing the instant lawsuit, appellants proceeded pro se.

**{¶60}** Courts are not required to issue continuances sua sponte. *Clementz-McBeth v. Craft*, 3d Dist. No. 2-11-16, 2012-Ohio-985, ¶20, citing *Gannon v. Gannon*, 6th Dist. No. WD-07-078, 2008-Ohio-4484, ¶43. It is not the court's responsibility to make sure parties are prepared or to grant a continuance where neither party has requested one. *Id.* "Though some leeway is often given to pro se litigants, 'ordinary civil litigants proceeding pro se * * * are not entitled to special treatment.'" *Id.*, quoting *McKinnie v. Roadway Express*, 341 F.3d 554, 558 (6th Cir.2003).

**{¶61}** Given the timeline set out above, the fact that appellants had appeared pro se for a substantial period of this lawsuit, and most importantly because appellants did not request a continuance, we cannot conclude that the trial court abused its discretion in failing to sua sponte order a continuance in this case so that appellants could retain new counsel.

**{¶62}** Accordingly, Patel's fifth pro se assignment of error is without merit.

**{¶63}** Patel's sixth pro se assignment of error states:

THE LOWER COURT ERRED IN CONSIDERING DENNIS VANKIRK'S OPINIONS AS THOSE OF AN EXPERT AND ISSUING SUMMARY JUDGMENT THEREUPON.

**{¶64}** Finally, Patel argues that the trial court erred by considering Captain VanKirk's opinions as those of an expert and issuing summary judgment based on those opinions.

**{¶65}** A witness may testify as an expert if he is "qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony." Evid.R. 702(B). Additionally, a witness may testify as an expert if his testimony "relates to matters beyond the knowledge or experience

possessed by lay persons." Evid.R. 702(A). Whether a witness is qualified to testify as an expert is a matter within the trial court's discretion. *State v. Awkal*, 76 Ohio St.3d 324, 331, 667 N.E.2d 960 (1996).

**{¶66}** Captain VanKirk is a certified fire safety inspector. (VanKirk dep. ¶2). He has obtained the rank of captain. (VanKirk dep. ¶1). He is also the fire safety inspector for Bellaire. (VanKirk dep. ¶2). He performed his inspection of the motel pursuant to his duties as a certified fire safety inspector. (VanKirk dep. ¶3).

**{¶67}** Given Captain VanKirk's qualifications, he was qualified to give his expert opinion on the safety violations he found at the motel. Additionally, Patel failed to offer a competing expert's opinion to dispute Captain Van Kirk's findings.

**{¶68}** Accordingly, Patel's sixth pro se assignment of error is without merit.

**{¶69}** For the reasons set out above, the trial court's judgment is hereby affirmed.

Vukovich, J., concurs.

DeGenaro, J., concurs.