[Cite as *Weber v. Forinash*, 2015-Ohio-3187.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

| | |
|---|---|
| Angela Weber | Court of Appeals No. S-14-034 |
| Appellee | Trial Court No. 12-DR-303 |
| v. | |
| Brett Forinash | **DECISION AND JUDGMENT** |
| Appellant | Decided: August 7, 2015 |

* * * * *

Kristopher K. Hill and Thomas J. DeBacco, for appellant.

* * * * *

**YARBROUGH, P.J.**

## I. Introduction

{¶ 1} This is an appeal from the judgment of the Sandusky County Court of

Common Pleas, issuing a domestic violence civil protection order against appellant, Brett

Forinash. We affirm.

## A. Facts and Procedural Background

{¶ 2} Appellant and appellee, Angela Weber, are parents of a minor child, M.F. They lived together in North Carolina from May 2011 until December 2011, when their relationship ended and appellee decided to move back to Vickery, Ohio. At that time, appellant decided to move back into his parents' home in Ashtabula, Ohio.

{¶ 3} On March 12, 2012, appellant instituted an action in North Carolina, seeking custody of M.F.[1] The following day, appellee filed her petition for a domestic violence civil protection order. In her petition, appellee alleged that she worries for the safety of herself and her children because appellant "often punches walls, slams doors, punched [a] wall next to [her] and asked if [she] thought he was going to hit [her] and said [the] only woman he punched was his mother." Appellee also alleged that appellant had smacked her son in the side of his head for no reason. Additionally, appellee asserted that appellant "stated he wants his ex-wife dead and swore to God if he was in [North Carolina] he would do it." On the same day appellee's petition was filed, the trial court issued an ex parte protection order, and set the matter for a full hearing before a magistrate.

{¶ 4} At the hearing, appellee testified that she sought the domestic violence civil protection order because she was "scared to death and scared for [her] kids because [appellant] would just punch the walls and scream at [her] and just – he couldn't control

---

[1] According to his appellate brief, appellant's custody action in North Carolina was subsequently dismissed and re-filed in the Sandusky County Court of Common Pleas, Juvenile Division.

his temper." In discussing appellant's conduct, appellee stated that appellant would frequently pin her against the wall and punch the wall next to her head. Appellee also testified that appellant "was always just yelling and screaming, punching stuff, throwing stuff at [her]." Appellee went on to recount an incident in which she was in the laundry room of the home and heard her minor son, M.W., begin to cry after being hit by appellant. When she confronted appellant about the incident, he stated that he "didn't hit him that hard." In addition to the foregoing, appellee testified that she was fearful of appellant based on his prior threats to kill his ex-wife. Moreover, she indicated that appellant forced her to have sex with him prior to moving in with him.

{¶ 5} At the conclusion of appellee's testimony, appellant was called to the stand. During his testimony, appellant denied all allegations of domestic violence. Indeed, appellant testified that he ended his relationship with appellee because he was "tired of the abuse." He went on to state that he had been physically and verbally abused by appellee. He reasoned that appellee was seeking a domestic violence civil protection order only to prevent him from having contact with M.F. In support of his assertion, appellant referenced the fact that appellee's petition was filed on the day after the custody action was filed. Notably, during her testimony, appellee stated that she did not receive notice of the custody action in North Carolina until after she filed her petition for a domestic violence civil protection order. Nonetheless, appellant insisted that appellee was aware of the action at the time the petition was filed. Moreover, appellant stated that

3.

appellee frequently threatened to keep M.F. away from him and prevented her from calling him daddy.

{¶ 6} In addition to his own testimony, appellant solicited the testimony of his mother, Diane Forinash. When asked whether appellant had ever struck her, Diane indicated that he had not. Diane further testified that appellant was not violent with any members of his family. Regarding her observations of appellant's relationship with appellee, Diane stated that appellee "ruled the roost." She explained that appellant "had to do what [appellee] said." Diane also testified that she overheard appellee threatening violence against appellant's ex-wife.

{¶ 7} At the conclusion of the hearing, the magistrate took the matter under advisement. Thereafter, on January 31, 2014, the magistrate issued his decision, finding that appellee established that appellant committed acts of domestic violence against appellee. Thus, the magistrate recommended the grant of appellee's petition for a domestic violence civil protection order.

{¶ 8} Two weeks later, appellant filed his objections to the magistrate's decision. In his objections, appellant argued that appellee failed to prove that she was in present danger of domestic violence by a preponderance of the evidence. Appellant asserted that it was improper for the magistrate to rely upon allegations of prior acts of domestic violence that occurred several months before appellee filed her petition, especially since the parties "lived hours apart, without alleged incident, for months." Once again,

4.

appellant reiterated his allegation that appellee's petition was filed only in response to the pending custody action.

{¶ 9} On July 10, 2014, the trial court issued its decision overruling appellant's objections and adopting the magistrate's recommendations. In its decision, the trial court found that the magistrate's findings of fact were supported by the hearing transcript.

## B. Assignment of Error

{¶ 10} Appellant timely appeals the decision of the trial court, asserting the following assignment of error:

I. The trial court erred in issuing a civil protection order, based upon R.C. 3113.31, as the Appellee failed to establish, by a preponderance of the evidence, sufficient credible evidence that Appellant engaged in acts or threats of domestic violence. There was no incident of domestic violence between the parties sufficient to support a finding that Appellee was in imminent danger of domestic violence at the time of the filing of her petition.

## II. Analysis

{¶ 11} At the outset, we must address an issue raised by the dissent concerning whether the trial court's order issuing the civil protection order is a final appealable order.

{¶ 12} Relevant to our determination of this issue, Civ.R. 65.1 governs the issuance of civil protection orders under R.C. 3113.31 and provides, in relevant part:

5.

(F) Proceedings in matters referred to magistrates

* * *

(3) Full hearing proceedings. The following shall apply when these special statutory proceedings are referred to a magistrate for full hearing and determination:

* * *

(c) Court adoption; modification; rejection.

(i) A magistrate's denial or granting of a protection order after a full hearing shall comply with the statutory requirements relating to such orders and is not effective unless adopted by the court.

(ii) When a magistrate has denied or granted a protection order after a full hearing, the court may adopt the magistrate's denial or granting of the protection order upon review of the order and a determination that there is no error of law or other defect evident on the face of the order.

* * *

(iv) A court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing under this division does not constitute a judgment or interim order under Civ.R. 53(D)(4)(e) and is not subject to the requirements of that rule.

(v) A court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing shall be effective when signed by the court and filed with the clerk.

* * *

(G) Final order; stay of appeal. Notwithstanding the provisions of any other rule, an order entered by the court under division (F)(3)(c) of this rule, with or without the subsequent filing of objections, *is a final, appealable order that can be appealed upon issuance of the order*. The timely filing of objections under division (F)(3)(d) of this rule shall stay the running of the time for appeal until the filing of the court's ruling on the objections. (Emphasis added.)

{¶ 13} Here, the order from which appellant appealed constituted an order by the trial court under Civ.R. 65.1(F)(3)(c). Indeed, the trial court's judgment entry stated: "[t]he Decision/Recommendation of the Magistrate is correct and is approved." Moreover, the trial court stated the relief as follows: "The Domestic Violence Protection Order as pertains to the petitioner only will remain in full force and effect."

{¶ 14} Having found that the trial court's judgment entry constitutes an order under Civ.R. 65.1(F)(3)(c), we find that it was a final, appealable order pursuant to Civ.R. 65.1(G). Thus, we must disagree with the dissent's conclusion that the entry does not constitute a final appealable order. Consequently, we will proceed to address the merits of appellant's sole assignment of error.

7.

{¶ 15} Pursuant to R.C. 3113.31, a person who is subject to domestic violence may petition a court for a protection order. Relevant here, domestic violence is defined as "[p]lacing another person by the threat of force in fear of imminent serious physical harm." R.C. 3113.31(A)(1)(a). A person seeking a civil protection order must demonstrate by a preponderance of the evidence that he or she is in danger of domestic violence. *Felton v. Felton*, 79 Ohio St.3d 34, 42, 679 N.E.2d 672 (1997).

{¶ 16} "The decision to grant or dismiss a request for a civil protection order is within the discretion of the trial court." *Rangel v. Woodbury*, 6th Dist. Lucas No. L-09-1084, 2009-Ohio-4407, ¶ 11, citing *Deacon v. Landers*, 68 Ohio App.3d 26, 31, 587 N.E.2d 395 (4th Dist.1990). "An appellate court will not reverse a trial court's decision regarding a civil protection order absent an abuse of discretion." *Id.*, citing *Parrish v. Parrish*, 146 Ohio App.3d 640, 646, 767 N.E.2d 1182 (4th Dist.2000). An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "If the trial court's decision is supported by credible and competent evidence, the appellate court will not reverse the decision as an abuse of discretion." *Rangel* at ¶ 11, citing *Jarvis v. Jarvis*, 7th Dist. Jefferson No. 03-JE-26, 2004-Ohio-1386, ¶ 13.

{¶ 17} In his assignment of error, appellant argues that the trial court erred in finding that appellee demonstrated that domestic violence had occurred by a preponderance of the evidence. Specifically, appellant contends that appellee failed to establish that she was in imminent danger of domestic violence at the time of the filing of

8.

her petition, as the parties had not lived together for over two months when the case was filed.[2]

{¶ 18} Regarding the timing of the acts of domestic violence that form the basis for a petition for a domestic violence civil protection order, we have previously stated that "a finding of statutory domestic violence may not be based solely on remote events, but must be premised on conduct current enough that the fear engendered is current." *Gannon v. Gannon*, 6th Dist. Wood No. WD-07-078, 2008-Ohio-4484, ¶ 39. In *Gannon*, we approved of the petitioner's argument that the acts which instill fear of imminent harm need not happen on the same day as the petition. *Id.* at ¶ 38. Rather, the acts must give rise to a fear that is "present on the day alleged, irrespective of when the acts precipitating the fear occurred." *Id.*

{¶ 19} We have reviewed the record in its entirety. Based upon our review, we find that the evidence of appellant pinning appellee against the wall while punching the wall next to her head, taken together with appellee's testimony that appellant forced appellee to have sex with him, was sufficient to give rise to a fear of imminent serious physical harm on the day appellee filed her petition. Thus, we cannot conclude that the

---

[2] Notably, this is the only argument advanced by appellant to support his contention that the trial court erred in issuing the civil protection order. Consequently, we need not address the issues raised by the dissent concerning the trial court's compliance with the Rules of Civil Procedure or the Rules of Superintendence. App.R. 12(A). Moreover, our review of case law within this district reveals that "[t]he rules of superintendence * * * are guidelines for judges only and are not intended to function as rules of practice and procedure." *Caudill v. Caudill*, 6th Dist. Sandusky No. S-04-018, 2006-Ohio-1116, ¶ 5, citing *State v. Mahoney*, 34 Ohio App.3d 114, 517 N.E.2d 957 (1st Dist.1986).

9.

trial court abused its discretion in granting appellee's petition for a domestic violence civil protection order.

{¶ 20} Accordingly, appellant's assignment of error is not well-taken.

### III. Conclusion

{¶ 21} For the foregoing reasons, the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____

JUDGE

Stephen A. Yarbrough, P.J.
CONCUR.

_____

JUDGE

James D. Jensen, J.,
DISSENTS.

**JENSEN, J.**

{¶ 22} Respectfully, I dissent. My reasons are threefold.

{¶ 23} First, the Supreme Court of Ohio, in consultation with the Domestic Violence Task Force and by request of the General Assembly under H.B. 335, developed various forms to be used by courts in the application for and issuance of uniform

protection orders that are easily recognizable to law enforcement agencies across the state. *Calzo v. Lynch*, 5th Dist. Richland No. 11CA45, 2012-Ohio-1353, ¶ 28, citing Sup.R. 10.01(C).

{¶ 24} Sup.R. 10.01(C) provides:

In every case in which the domestic relations division of a court of common pleas issues or approves an ex parte civil protection order, a full hearing civil protection order, or a consent agreement pursuant to section 3113.31 of the Revised Code, the court *shall* use, as applicable, forms that are substantially similar to "Forms 10.01-H through 10.01-J."

{¶ 25} Here, the trial court utilized Form 10.01-H entitled "DOMESTIC VIOLENCE CIVIL PROTECTION ORDER (CPO) *EX PARTE* (R.C. 3113.31)" when it granted petitioner's request for protection after the ex parte hearing. However, the trial court did not complete Form 10.01-I entitled "DOMESTIC VIOLENCE CIVIL PROTECTION ORDER (CPO) FULL HEARING (R.C. 3113.31)" after the full hearing. The magistrate issued a decision on January 31, 2014 recommending

that the Court GRANT the petition of [appellee] for a DVCPA against [appellant] under R.C. 3113.31 for the protection of herself by issuing standard form 10.01-I, checking the boxes to Paragraph Numbers 1, 5, 6 and 7, with a termination date of April 8, 2018. The DVCPO should contain an additional provision at Paragraph Number 18 that the order shall

11.

be subject and superseded by any parenting time order issued by the Sandusky County Juvenile Court regarding the parties [sic] minor daughter. There is no evidence in the record that Form 10.01-I was ever issued. Rather, on July 10, 2014, when ruling on appellant's objection to the magistrate's decision, the trial court simply stated: "[T]he Domestic Violence Protection Order as pertains to the [appellee] only will remain in full force and effect." The trial court in "approving" the January 31, 2014 decision of the magistrate without utilizing Form 10.01-I, or a form substantially similar to it, failed to comply with the Rules of Superintendence for the Courts of Ohio.

{¶ 26} To further muddle the matter, in an entry dated November 27, 2013, the trial court issued an order indicating: "IT IS HEREBY ORDERED that the Ex Parte Order expired on May 1, 2013, it has been returned from the Fremont PD and destroyed therefore this case is closed." Thus, the July 10, 2014 judgment entry approving the magistrate's decision and ordering that the order of protection "remain in full force and effect" has no legal effect because at the time the judgment was entered, the ex parte order, as the trial court noted, had expired.

{¶ 27} Assuming, arguendo, that the trial court's failure to comply with Sup.R. 10.01(C), does not constitute reversible error, I find that that the July 10, 2014 judgment entry does not constitute a "judgment" for purposes of appellate review. The July 10, 2014 judgment entry states, in relevant part, as follows:

12.

This cause comes before the Court for consideration of the Objections filed by the [appellant] from the Magistrate's Decision filed herein on January 31, 2014.

\* \* \*

After a review of the transcript, and the filings of the parties, the Court find as follows: (1) the finding of fact of the Magistrate are supported by the transcript; (2) the conclusions of law of the Magistrate are supported by the law; and (3) the objections are therefore not well taken and are overruled.

IT IS THEREFORE ORDERED as follows:

1. The Decision/Recommendation of the Magistrate is correct and is approved.

2. The Domestic Violence Protection Order as pertains to the [appellee] only will remain in full force and effect.

{¶ 28} It has long been held that "a trial court order that merely adopts a magistrate's decision, without specifying the relief being granted, does not constitute a final appealable order." *King v. Kelly*, 4th Dist. Lawrence No. 2002-Ohio-4647, ¶ 12. *See also Short v. Short*, 6th Dist. Fulton No. F-03-005, 2002 WL 537990, \*2 (Apr. 8, 2002) (a "judgment must so dispose of the matters at issue between the parties that they \* \* \* will be able to determine with reasonable certainty the extent to which their rights and obligations have been determined"); *Sabrina J. v. Robbin C.*, 6th Dist. Lucas No.

13.

L-00-1374, 2001 WL 85157 (Jan. 26, 2001) ("An order of a trial court which merely adopts a magistrate's decision * * * is not a final appealable order" unless it states the outcome and "contain[s] an order which states the relief granted so that the parties are able to determine their rights and obligations by referring solely to the judgment entry."); *Harkai v. Scherba Industries, Inc.*, 136 Ohio App.3d 211, 215, 736 N.E.2d 101 (9th Dist.2000) ("One fundamental principle in the interpretation of judgments is that, to terminate the matter, the order must contain a statement of the relief that is being afforded the parties."); *Martin v. Martin*, 11th Dist. Portage No. 93-P-00654, 1994 WL 315667, *2 (June 24, 1994) ("While the trial court may properly adopt [a referee's report], it still must enter its own judgment, including a statement of the relief to which the party is entitled without reference to any other documents.") Here, the trial court's July 10, 2014 judgment entry merely "approves"—as opposed to "adopts"—the January 31, 2014 magistrate's decision. Semantics aside, the judgment entry does not contain "an order by the judge which states the relief granted so that the parties are able to determine their rights and obligations by referring to the judgment entry." *See Hall v. Darr*, 6th Dist. Ottawa No. OT-03-001, 2003-Ohio-1035, ¶ 37. Thus, there is no final order. *Id.*

{¶ 29} Second, proceedings brought pursuant to R.C. 3113.31 are civil in nature, and proceed according to the Ohio Rules of Civil Procedure. *Haas v. Semrad*, 6th Dist. Lucas No. L-06-1294, 2007-Ohio-2828, ¶ 9, citing *Felton v. Felton*, 79 Ohio St.3d 34, 37, 679 N.E.2d 672 (1997). Historically, a petition for a domestic violence civil

14.

protection order could be referred to a magistrate as provided by Civ.R. 53. *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 10.

{¶ 30} However, a recent amendment to the civil rules implemented Civ.R. 65.1 entitled "Civil Protection Orders." Civ.R. 65.1 was adopted

> to provide a set of provisions uniquely applicable to [special statutory proceedings established by R.C. 3113.31, R.C. 2151.34 and R.C. 2903.214] because application of the existing rules, particularly with respect to service, discovery, and reference to magistrates, interferes with the statutory process and is inconsistent with its purpose." 2012 Staff Note, Civ.R. 65.1.

Civ.R. 65.1 became effective July 1, 2012 and applies to all proceedings brought after the effective date. *See* Civ.R. 86(II). It also applies to all proceedings *pending* on the effective date, "except to the extent that [its] application in a particular action pending when the amendment [took] effect would not be feasible or would work injustice, in which event the former procedure applies." *Id.*

{¶ 31} As noted by the majority, appellee filed a petition for a domestic violence civil protection order on March 12, 2012. The trial court granted an ex parte order the following day. A full hearing was held before a magistrate on April 8, 2013, eight months after the amendment's effective date.

{¶ 32} Here, the record is clear: the trial court followed the procedures set forth under Civ.R. 53 instead of those set forth under Civ.R. 65.1. The majority ignores the

15.

trial court's procedural missteps, cites select portions of Civ.R. 65.1, and concludes that "the order from which appellant appealed constituted an order by the trial court under Civ.R. 65.1(F)(3)(c)." I strongly disagree. While the procedural missteps likely do not constitute reversible error in this instance, they certainly warrant more than the majority's enigmatic conclusion.

{¶ 33} Third, I disagree with the majority's conclusion that the trial court did not abuse its discretion in granting appellee's petition for a domestic violence civil protection order. In support of its decision, the majority asserts: "the evidence of appellant pinning appellee against the wall while punching the wall next to her head, taken together with appellee's testimony that appellant forced appellee to have sex with him were sufficient to give rise to a fear of imminent serious physical harm on the day appellee filed her petition."

{¶ 34} The majority cites *Gannon*, 2008-Ohio-4484, for the proposition that the acts which instill fear of imminent harm need not happen on the same day the petition is filed, but that the fear is "present on the day alleged, irrespective of when the acts precipitating the fear occurred." I would agree with that statement, if the full hearing was held within seven court days after the ex parte hearing as required by R.C. 3113.31(D)(2)(a), or a reasonable time thereafter. Here, even if appellee was in fear of imminent serious physical harm on the day she filed her petition for a domestic violence civil protection order, the full hearing on the petition took place 13 months after appellee asserted her claim. The majority completely ignores this fact, which reflects a flaw in its

16.

analysis.  At the time of the full hearing, there is no evidence in the record to show appellee was in "immediate and present danger of domestic violence to the family or household member" as required by R.C. 3113.31(D)(1).

{¶ 35} "[W]hen granting a [domestic violence civil] protection order, the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence." *Felton*, 79 Ohio St.3d at 42.  Pursuant to R.C. 3113.31(A)(1), "domestic violence" is defined as any of the following as against a family or household member:

> (a) Attempting to cause or recklessly causing bodily injury;
>
> (b) Placing another person by threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 [menacing by stalking] or 2911.211 [aggravated trespass] of the Revised Code;
>
> (c) Committing any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 of the Revised Code; [or]
>
> (d) Committing a sexually oriented offense.

{¶ 36} Here, the trial court, through its adoption of the magistrate's decision, determined that appellant "committed domestic violence" against appellee.  However, this court has held that a finding of statutory domestic violence, alone, is insufficient to support the issuance of a domestic violence civil protection order if the conduct was not

current enough that the fear engendered was current. *See Gannon v. Gannon*, 6th Dist. Wood No. WD-07-078, 2008-Ohio-4484, ¶ 39 ("The cases appellant cites * * * properly hold that a finding of statutory domestic violence may not be based solely on remote events, but must be premised on conduct current enough that the fear engendered is current.").

{¶ 37} Appellee alleged that appellant once forced sexual relations upon her. That act occurred on or about August 31, 2010, 32 months before the full hearing was held, before appellee decided to reside with appellant. Appellee further alleged that appellant often punched the wall next to her head. Those acts occurred no later than December 12, 2011, 16 months before the full hearing was held. At the time of the full hearing, the parties lived hours apart and had not had any contact with each other for over 14 months.

{¶ 38} Viewing the evidence in a light most favorable to appellee, I would conclude that there was insufficient evidence from which the trial court could have found, on the day the full hearing was held, that there was an act of statutory domestic violence current enough upon which appellee could reasonably premise a fear of imminent harm to herself or her children.

{¶ 39} For these three reasons, I would reverse.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.