JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Respondent-appellant, Ray Allen ("Ray"), appeals a Cuyahoga County Common Pleas Court, Domestic Relations Division judgment granting petitioner-appellee, Janice Lillard ("Janice"), a domestic violence civil protection order ("CPO") against Ray and prohibiting him from having any contact with Janice and her four children, two of which are Ray's, for a period of five years. For the following reasons, we affirm in part and reverse in part.
 {¶ 2} A review of the record reveals the following: Ray and Janice lived together from 1996 until September 17, 2005. Two children were born during this relationship. Janice also had three children from previous relationships. During their period of cohabitation, Ray provided for all of the children and covered them on his health insurance.
 {¶ 3} Janice moved out of the couple's home on September 17, 2005. The parties agreed that the couple's two children would live with Ray during the week so that they could continue to attend the same school and Janice would pick them up on the weekends.
 {¶ 4} Shortly after the parties separated, Janice began dating Kevin Thomas ("Kevin") and became pregnant with his child. The relationship between Janice and Ray became very hostile. Janice alleged that Ray began telephoning her and making threats to her and Kevin. Specifically, Janice claims that Ray threatened to "bash [her] skull in," told her that she and Kevin would be found in the back of their car, and that he would damage her van so that she could not drive it. Janice also claims that in November 2005, Ray appeared at her *Page 4 
door and confronted Kevin. When Janice tried to step in between the two men, Janice claims that Ray pushed her.
 {¶ 5} On Friday, April 7, 2006, Janice arrived at Ray's home several hours early to pick up the children for the weekend. Ray became angry that Janice arrived early and drove away with the kids. Janice followed him in her car. Both parties eventually pulled their cars over to the curb, across the street from each other. Ray got out of his car and crossed the street. Janice alleges that Ray slammed the door on her foot as she tried to get out of the car and that he pushed her as she tried to get the two children out of his car.
 {¶ 6} On April 11, 2006, Janice filed a petition for a CPO against Ray. As grounds for her petition, Janice alleged that Ray slammed a car door on her foot, pushed her, told her that she would be found in the back of her car, and threatened to bash her skull in. An ex parte temporary protective order was issued the same day after an ex parte hearing.
 {¶ 7} On May 17, May 25 and June 2, 2006, the matter proceeded to full hearing, at which both parties were represented by counsel. Both parties testified. Ray was not allowed to present the testimony of Avis Corbin, an elderly woman who often babysat for the children, because she unknowingly entered the courtroom after the magistrate ordered separation of the witnesses.
 {¶ 8} On August 16, 2006, the magistrate issued an order of protection, effective until June 1, 2011. Ray timely filed objections to the order. On March 8, 2007, the trial court overruled all of Ray's objections and ordered that the domestic violence CPO issued on *Page 5 
August 16, 2006 become the order of the court. It is from this order that Ray timely appeals and raises three assignments of error for our review, which will be addressed out of order and together where appropriate.
 {¶ 9} "II. The trial court's order was too broad, by including the parties children in the protective order.
 {¶ 10} "III. The trial court abused its discretion in granting the petitioner-appellee's permanent protection order."
 {¶ 11} An appellate court reviews a trial court's decision to issue a CPO for an abuse of discretion. Parrish v. Parrish, 146 Ohio App.3d 640,646, 2000-Ohio-2693. An abuse of discretion implies that the trial court's judgment was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. If there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion. Bechtol v. Bechtol (1990),49 Ohio St.3d 21.
 {¶ 12} R.C. 3113.31 governs civil protection orders in domestic violence cases. In order to grant a civil protection order, the trial court must find that the petitioner has shown by a preponderance of the evidence that the petitioner or the petitioner's family or household members are in danger of domestic violence. Felton v. Felton,79 Ohio St.3d 34, 1997-Ohio-302, paragraph two of the syllabus, citing R.C. 3113.31(D). "Domestic violence" is the occurrence of one or more of the following acts against a family or household member:
 {¶ 13} "(a) Attempting to cause or recklessly causing bodily injury; *Page 6 
 {¶ 14} "(b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 or 2911.211 of the Revised Code;
 {¶ 15} "(c) Committing any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 of the Revised Code." R.C. 3113.31(A)(1).
 {¶ 16} Upon review of the record, we find that there was sufficient evidence for the court to have found that Ray attempted to cause or recklessly caused bodily injury when he slammed the car door on Janice's foot on April 7, 2006, and when he pushed her while getting into an argument with Kevin in November 2005. We also find that there was sufficient evidence for the court to have found that Ray placed Janice in fear of imminent serious physical harm when he telephoned her and threatened to bash her skull in and that she would be found in the back of her car.
 {¶ 17} While Ray contests whether Janice believed that she was in danger of imminent serious physical harm, i.e., Janice did not call the police until the April 7, 2006 incident and continued to allow the two children to remain with Ray, this is a credibility determination reserved to the trial court. See Luikart v. Shumate, Marion App. No. 9-02-69, 2003-Ohio-2130, at ¶ 10. Indeed, the magistrate specifically noted that, although Ray was believable at times, the majority of his testimony was not credible, and while there were some problems with the credibility of Janice, most of her testimony was believable. Accordingly, because *Page 7 
competent, credible evidence supports the trial court's decision, we are unable to find that issuing the CPO was unreasonable pursuant to R.C. 3113.31 with regards to Janice. Accordingly, we overrule Ray's third assignment of error.
 {¶ 18} However, we find no evidence to support the issuing of the CPO for the protection of his two minor children. The record is devoid of any evidence that Ray engaged in any conduct which would cause his two minor children to believe that they were in danger of any harm. Rather, the evidence in the record demonstrates that Ray is a good father and is actively involved in the rearing of his two minor children. Indeed, the two children lived exclusively with him for a period of nearly six months, with Janice only having weekend visitation, until the April 7, 2006 incident. While R.C. 3113.31 allows the trial court to extend coverage to household members who are not victims of a predicate act of domestic violence but instead may be "vunerable" to such abuse, [1] we find no immediate or present danger to Ray's two children and find no evidence that the two children are in danger when they are with him. Because no evidence was presented to establish the need for a CPO protecting Ray's two minor children, we sustain Ray's second assignment of error. See Luikart v. Shumate, supra at ¶ 11; Spence v. Herbert, Licking App. No. 00CA93, 2001 Ohio App. LEXIS 3431 at 6-7.
 {¶ 19} "I. The trial court erred by prohibiting Avis Corbin from testifying." *Page 8 
 {¶ 20} Respondent's first assignment of error is moot in light of our disposition of Ray's second assignment of error and we decline to address it pursuant to App. R. 12 (A)(1)(c).
Judgment affirmed in part and reversed in part.
It is ordered that appellee and appellant shall each pay their respective costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, J., CONCURS COLLEEN CONWAY COONEY, J., CONCURS IN PART AND DISSENTS IN PART
COLLEEN CONWAY COONEY, J., CONCURRING IN PART, DISSENTING IN PART:
 {¶ 21} I concur with the majority's affirming the judgment. I respectfully dissent from the majority's modifying the civil protection order to exclude protection of the two minor children. *Page 9 
 {¶ 22} The majority relies on the Luikart case to support its position that failure to present evidence showing the need for a CPO for the children is dispositive. However, in Luikart, the children were not present during the violent incident involving the children's father and the mother's boyfriend. This is far different than the facts in the instant case where the children witnessed the violent act toward their mother, and their mother seeks a protective order for herself and the children. As the majority correctly notes, R.C. 3113.31 allows the trial court to extend coverage to household members who may be "vulnerable" to such abuse. I would find no abuse of discretion in the trial court's including the children in the CPO.
 {¶ 23} If the concern here is the denial of visitation with the children, Ray
acknowledges in his brief that he "can seek custody and visitation through juvenile court." He posits that "as a practical matter, this will take many months." Indeed, the record in the instant appeal contains a motion to remand the case to juvenile court where an action is also pending. Although we cannot remand this domestic relations case there, I would note that the juvenile court is the appropriate forum to address visitation, which could include a supervised setting. I would, however, affirm the domestic relations judgment in toto.
[1] See Farris v. Kihm, Miami App. No. 01-CA-39, 2002-Ohio-2277. *Page 1