[Cite as *Moore v. Guyton*, 2013-Ohio-143.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

ELIZABETH A. MOORE,

    PLAINTIFF-APPELLEE,          CASE NO.  11-12-01

    v.

JOHN L. GUYTON, JR.,          O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Paulding County Common Pleas Court
Trial Court No. CI 12 071

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision:   January 22, 2013

APPEARANCES:

    *John L. Guyton, Jr.,* Appellant

    *Danny A. Hill*   for Appellee

**ROGERS, J.**

{¶1} Respondent-Appellant, John L. Guyton, Jr., appeals the judgment of the Court of Common Pleas of Paulding County granting a domestic violence civil protection order ("CPO") to Petitioner-Appellee, Elizabeth Moore.  On appeal, Guyton argues that the trial court abused its discretion by issuing the CPO and including Moore's and Guyton's children in the order.  For the reasons that follow, we affirm in part and reverse in part the trial court's judgment.

{¶2} Guyton and Moore are former spouses.  Together, they have three minor children from their relationship: T.G., A.G., and J.G.  At the time of the CPO proceedings, the ages of the children ranged from 10 to 16 years old.  On March 27, 2012, Moore filed a petition for a domestic violence CPO, alleging that Guyton had threatened her life and the life of T.G.  The CPO petition lists Moore, T.G., A.G., J.G., and Moore's fiancé, Joseph Schultz, as persons to be protected by the order.  On the same day, the trial court granted an *ex parte* CPO that was in effect until it could conduct a full hearing on the matter.  On April 3, 2012, the trial court conducted a full hearing on Moore's CPO request.  The following relevant evidence was adduced at the hearing.

{¶3} Moore testified on her own behalf and stated that Guyton physically and emotionally abused her during the course of their marriage.  However, Moore admitted that Guyton had not physically harmed her since their divorce in 2003.

She also testified to Guyton's arrest following his physical abuse of T.G. in 2011, which resulted in Guyton pleading no contest to persistent disorderly conduct.

{¶4} Further, Moore stated that she neither personally heard Guyton's alleged threats against her nor knew the individuals who allegedly did hear the threats. Rather, Moore attested that she heard about the alleged threats from her attorney. In regard to the alleged threat posed by Guyton, Moore testified as follows:

> Q: Do you feel that unless restrained from doing something, Mr. Guyton will cause harm to you or your children?
>
> A: Yes.
>
> Q: How strongly do you feel that?
>
> A: A thousand percent. I'm scared for my own life, I'm scared for the lives of my kids.
>
> Q: And you believe that just because he's alleged to have threatened one of your children, he would not harm the other children?
>
> A: No, I fully believe that if you can as a parent threaten one child and cause physical harm, even to their mother, that you would absolutely cause harm to the other ones. Tr., p. 27-28.

{¶5} Moore then called Shonda Carpenter, who testified that she had overheard Guyton threaten to kill Moore by shooting her with a rifle from a long distance. The threat was purportedly made in Fall 2011. She also indicated that she had seen him carrying a pistol. Carpenter admitted that she had never heard

Guyton threaten T.G.'s life and that she was a close friend of Carolyn Yates, another witness to Guyton's purported threats against Moore. After Carpenter's testimony, Moore rested.

{¶6} In his defense, Guyton called Yates to the stand. She testified that she had overheard Guyton threaten Moore's life two or three times. Specifically, Yates indicated that she told the police that Guyton described a plan to kill Moore with a high-powered rifle after following her. Yates admitted that she did not tell anyone else about the purported threats until she learned that Guyton was a confidential informant involved in a drug trafficking prosecution against her. She also admitted that she had never heard Guyton threaten the life of T.G. Indeed, Yates said that Guyton "didn't really say a whole bunch or a whole lot when I was there about [T.G.]." Tr., p. 100.

{¶7} Finally, Guyton testified that he never threatened Moore's or T.G.'s life. Although he admitted that his relationship with T.G. was strained, Guyton also indicated that he had apologized to her and was hopeful that he could repair the relationship. He also stated that he purchased his pistol for the purpose of self-protection. On cross-examination, Guyton acknowledged to being held in contempt during the divorce and child custody proceedings involving Moore, which angered Guyton to the point that he made intemperate remarks regarding

her. He also admitted that he had previously made intemperate remarks regarding T.G. After his testimony, Guyton rested.

{¶8} Upon the close of evidence, the trial court granted Moore's petition for the CPO and included Moore, T.G., A.G., J.G., and Schultz as protected persons. The CPO is effective for five years, until April 3, 2017.

{¶9} Guyton filed this timely appeal, presenting the following assignments of error for our review. We preliminarily note that Moore did not file an appellate brief. App.R. 18(C) gives us the discretion to "accept [Guyton's] statement of facts and issues as correct and reverse the judgment if [Guyton's] brief reasonably appears to sustain such action."

### *Assignment of Error No. I*

**THE TRIAL COURT ERRED IN JUDGMENT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

### *Assignment of Error No. II*

**THE TRIAL COURT ABUSED ITS DISCRETION BY ADDING [TG, AG, AND JG].**

### *Assignment of Error No. I*

{¶10} In his first assignment of error, Guyton essentially argues that the trial court erroneously issued a CPO that includes Moore as a protected person. We disagree.

**{¶11}** Before turning to the merits of the first assignment of error, we must resolve some deficiencies.[1] First, we note that Guyton uses manifest weight of the evidence terminology. However, we review the granting of CPOs under an abuse of discretion standard of review. *Studer v. Studer*, 3d Dist. No. 3-11-04, 2012-Ohio-2838, ¶ 18. Accordingly, we treat Guyton's first assignment of error as an argument that the trial court abused its discretion in issuing the CPO. Second, the assignment of error indicates that it challenges the trial court's issuance of the CPO in its entirety. However, Guyton's argument in support of the assignment merely refers to the evidence regarding the alleged threat he poses to Moore. As a result, we treat the first assignment of error as challenging the trial court's issuance of the CPO insofar as it relates to its inclusion of Moore as a protected person.

*Standard of Review*

**{¶12}** A trial court's decision to grant a CPO is not disturbed absent an abuse of discretion. *Id.* A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound. *See State v. Boles*, 2d Dist. No. 23037, 2010-Ohio-278, ¶ 17-18, citing *Black's Law Dictionary* 11 (8th Ed.2004). When applying the abuse of

---

[1] We note that Guyton is proceeding *pro se* in this matter.

discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

*R.C. 3113.31*

{¶13} R.C. 3113.31 governs the issuance of CPOs. It states, in pertinent part, the following:

> (C) A person may seek relief under this section on the person's own behalf, or any parent or adult household member may seek relief under this section on behalf of any other family or household member, by filing a petition with the court. The petition shall contain or state:
>
> (1) An allegation that the respondent engaged in domestic violence against a family or household member of the respondent, including a description of the nature and extent of the domestic violence;
>
> (2) The relationship of the respondent to the petitioner, and to the victim if other than the petitioner;
>
> (3) A request for relief under this section.

R.C. 3113.31(c). The statute defines "domestic violence" as "[p]lacing another person by the threat of force in fear of imminent serious physical harm * * *." R.C. 3113.31(A)(1)(b). Further, a "family or household member" includes "[a] spouse, a person living as a spouse, [and] a former spouse of the respondent," and the children of the respondent. R.C. 3113.31(A)(3)(i)-(ii).

{¶14} The petitioner under R.C. 3113.31 must show "by a preponderance of the evidence that petitioner or petitioner's family or household members are in

danger of domestic violence." *Felton v. Felton*, 79 Ohio St.3d 34 (1997), paragraph two of the syllabus. When reviewing a trial court's issuance of a CPO, we assess "'whether a reasonable person would be placed in fear of imminent (in the sense of unconditional, non-contingent) physical harm.'" *Fleckner v. Fleckner*, 177 Ohio App.3d 706, 2008-Ohio-4000, ¶ 20 (10th Dist.), quoting *Maccabee v. Maccabee*, 10th Dist. No. 98AP-1213 (June 29, 1999). This assessment "involves both subjective and objective elements." *Smith v. Burroughs*, 3d Dist. No. 16-09-03, 2010-Ohio-4806, ¶ 16. We accordingly review the record to determine whether Moore presented some competent evidence to show by a preponderance or greater weight of the evidence that she is in danger of domestic violence at the hands of Guyton.

*Evidence of the Threat Posed to Moore*

{¶15} Preliminarily, we note that Moore is Guyton's "former spouse" and consequently a household or family member under R.C. 3113.31(A)(3)(i). Accordingly, Moore may obtain a CPO under R.C. 3113.31 provided that she makes the required showing.

{¶16} At the full hearing on the CPO, Moore presented two critical items of evidence regarding the danger that Guyton presents to her. First, both Carpenter and Yates testified that in the Fall of 2011 they overheard Guyton threatening to take Moore's life by using a rifle. Although Guyton's examination of these

witnesses revealed that they have potential biases against Guyton, the trial court found Carpenter's and Yates' accounts to be credible, and we decline to second-guess that finding on appeal. *See Wallace v. Willoughby*, 3d Dist. No. 17-10-15, 2011-Ohio-3008, ¶ 35 ("Since the trial court is in the best possible position to weigh the credibility of witnesses' testimony, we will not disturb the trial court's judgment."). Second, Moore testified that the threats made her fear for her life.

{¶17} In light of Carpenter's, Yates', and Moore's testimony, we find that there is some competent evidence in the record to support the trial court's finding that Guyton has placed Moore in fear of imminent physical harm and consequently that Guyton presents a risk of domestic violence to Moore. As such, it was not an abuse of discretion for the trial court to issue a CPO that protected Moore. *See Clementz-McBeth v. Craft*, 3d Dist. No. 2-11-16, 2012-Ohio-985, ¶ 18 (finding no abuse of discretion where testimony indicated that respondent brandished weapon and threatened the lives of the petitioner and her husband).

{¶18} Accordingly, we overrule Guyton's first assignment of error.

*Assignment of Error No. II*

{¶19} In his second assignment of error, Guyton essentially argues that the trial court erroneously issued a CPO that includes T.G., A.G., and J.G. as protected persons. We agree.

**{¶20}** We initially note that T.G., A.G., and J.G. are Guyton's children and consequently covered under R.C. 3113.31(A)(3)(ii). Accordingly, the trial court was empowered to grant a CPO that protected them provided that the appropriate showing was made.

**{¶21}** As with the first assignment of error, we review the record to determine whether Moore presented some competent evidence to show by a preponderance that T.G., A.G., and J.G. are in danger of domestic violence. Moore presented no evidence that Guyton threatened the lives of T.G., A.G., or J.G. While Guyton has a tenuous relationship with T.G. and there has been physical abuse in the past, there is no indication that Guyton has made a threat of imminent physical harm against her. Due to the lack of evidence in the record regarding the threat presented to T.G., A.G., and J.G., the trial court abused its discretion by including them as protected persons under the CPO. *See Smith*, 2010-Ohio-4806, at ¶ 24 (finding that trial court could not include children as protected persons in CPO because the respondent threatened the life of the children's mother but did not threaten the lives of her children); *see also Lillard v. Allen*, 8th Dist. No. 89623, 2008-Ohio-3664, ¶ 18 (same); *Luikart v. Shumate*, 3d Dist. No. 9-02-69, 2003-Ohio-2130, ¶ 11 (finding that trial court could not include spouse or children of petitioner because he did not present any evidence that respondent threatened them).

**{¶22}** Accordingly, we sustain Guyton's second assignment of error.

*Schultz*

**{¶23}** Finally, we note that the trial court also included Schultz as a protected person under the CPO. Guyton has not specifically assigned error to Schultz's inclusion. Nevertheless, we have previously applied plain error review to a trial court's issuance of a CPO where it has erroneously included a household member who was not shown to have been placed in imminent fear of physical harm by the respondent. *Smith* at ¶ 24 . As in *Smith*, Moore did not present any evidence that Guyton threatened Schultz's life. Indeed, she did not present any evidence that Schultz qualifies as a "person living as a spouse" so as to fall under the terms of R.C. 3113.31(A)(3)(i). Based on this complete lack of evidence, we follow *Smith*'s guidance and find that it was plain error for the trial court to include Schultz in the CPO.

**{¶24}** Having found no error prejudicial to Guyton, in the particulars assigned and argued in his first assignment of error, but having found error prejudicial to Guyton, in the particulars assigned and argued in his second assignment of error as well as the trial court's issuance of the CPO as it relates to

Case No. 11-12-01

Schultz, we affirm in part and reverse in part the trial court's judgment and remand for further proceedings consistent with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*

**PRESTON, P.J., concurs.**
**SHAW, J., concurs in part and dissents in part.**

**/jlr**